IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS<br>18850 Broken Oak Rd.<br>Boyds, Maryland 20841<br><br>           Plaintiff<br>v.<br><br>UNITED STATES SENATE<br>SERGEANT AT ARMS<br>To be Served on Office of Senate<br>Chief Counsel for Employment<br>PO Box 77053<br>Washington, D.C. 20013<br><br>and<br><br>KIMBALL B. WINN<br>905 Parker Ave<br>Falls Church, Virginia 22046<br><br>and<br><br>RICK KAUFMAN<br>1703 Treehouse Court<br>Annapolis, Maryland 21401<br><br>           Defendants | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORIGINAL COMPLAINT (TRIAL BY JURY REQUESTED)

For her Complaint against the Defendants (the Senate Sergeant at Arms ("SAA"), Kimball Winn ("Winn") and Rick Kaufman ("Kaufman"), Plaintiff Afrika N. Hicks, by and through her undersigned attorneys, avers the following, based on information and belief and/or the Plaintiff's personal knowledge.

**JURISDICTION AND PARTIES**

1. Plaintiff invokes the jurisdiction of this Court pursuant to The Congressional Accountability Act of 1995 (2 U.S.C. §1408 (a)), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. This is an action authorized and instituted pursuant to The Congressional Accountability Act, (2 U.S.C. 1301 *et seq.*), Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. sections 2000e, *et seq.*), and the common law.

3. The unlawful employment practices alleged in this Complaint were committed in the District of Columbia.

4. The Plaintiff is African American and a resident of the State of Maryland. She was employed by the SAA until her unlawful termination in February 2007.

5. The Defendant SAA, the Plaintiff's former employer, is a United States Congressional Agency located in the District of Columbia.

6. The Defendant Kimball Winn is a resident of the State of Maryland.

7. The Defendant Rick Kaufman is a resident of the State of Maryland.

8. Plaintiff has satisfied all administrative and judicial prerequisites to the institution of this action. The Plaintiff filed a timely Request for Counseling before the Office of Compliance raising the violations of the Congressional Accountability Act complained of here. The Plaintiff participated in the Office of Compliance Counseling and Mediation sessions; and the Plaintiff files this Complaint after the expiration of 30 days, and before the expiration of 90-days, following the receipt of the notices of the termination of mediation.

## BACKGROUND FACTS

9. Ms. Hicks reasserts and reavers each of the above paragraphs as if they were specifically restated here.

10. Prior to her termination, Ms. Hicks was a Telecommunications Operations Specialist with the Senate Sergeant at Arms.

11. In December 2004, Ms. Hicks exercised her rights under the Family Medical Leave Act (FMLA) as applied to the Senate Sergeant of Arms by the Congressional Accountability Act at 2 U.S.C. § 1312. She returned from her FMLA leave in March 2005.

12. In July 2006, Ms. Hicks protested a discriminatory email that had been circulated around her office. The email was very negative and insensitive toward Mexico, Mexicans and to immigrants to the United States. Specifically, Ms. Hicks' colleague recommended digging a mote along the border with Mexico, and filling it with alligators in order to "solve some of the troubles we've been having in the good old USA." Ms. Hicks brought the email to the attention of her supervisor, Mary Lihou, who had failed to take any action in response to the offensive email.

13. In August 2006, in response to a new policy requiring employees to be "on call" over the weekends, Ms. Hicks requested that she be given a religious accommodation so that she could avoid being on-call on Sundays, so that she could continue to honor important religious observances such as attending church.

14. In response to her request for an accommodation, Ms. Hicks met with one of the SAA's personnel specialists, and soon thereafter (also in August 2006), Ms. Lihou

informed Ms. Hicks that one of her coworkers had agreed to substitute for her on the days that Ms. Hicks' on-call obligation fell on a Sunday.

15. Despite her assurance to Ms. Hicks, at the end of August or early September 2006, Ms. Lihou instructed Ms. Hicks that she was required to secure her own substitute for those Sundays when she was to be on-call.

16. In the performance evaluation for the period ending September 2006, Ms. Lihou rated Ms. Hicks as not having met the standards for her position. The evaluation included negative remarks about Ms. Hicks' attention to detail, ability to meet deadlines, teamwork, and her receptiveness to criticism. The evaluation also indicated that Ms. Hicks had been responsible for a notorious error related to a Senator's telephone service. These notations were groundless, as exemplified by the fact that the error had been made during the time that Ms. Hicks was on FMLA leave. Nevertheless, Ms. Lihou failed to either correct the evaluation or to provide details to support the negative remarks.

17. The September 2006 evaluation imposed a number of assignments and/or goals that Ms. Hicks had to complete or meet in order improve her performance to "Acceptable." It also established a scheme of quarterly review periods with objectives to track her improvement.

18. On or about October 27, 2006, Ms. Lihou gave Ms. Hicks a counseling memorandum charging that Ms. Hick's customers had complained about her services. On information and belief, these complaints were either fabricated or tremendously exaggerated.

4

19. On November 1, 2006, Ms. Hicks requested FMLA leave in order to undergo and recover from a medically necessary surgery, which was to occur in December 2006.

20. On December 10, 2006, Ms. Hicks transmitted a letter to the Sergeant at Arms, William Pickle. In her letter, Ms. Hicks explained that Ms. Lihou's treatment of her was, among other things, retaliatory and indicative of disparate treatment.

21. On February 13, 2007, in a memo that summarized her findings from the first quarterly review, Ms. Lihou indicated that Ms. Hicks "has only made sporadic improvements and not the consistent improvements that are necessary …"

22. On or about February 27, 2007, Ms. Lihou instructed Ms. Hicks to meet with Rick Kaufman (the Division Manager and Ms. Hicks' second-level supervisor) and Kimball Winn (the Director of IT Support Services and Ms. Hicks' third-level supervisor) in Ms. Lihou's office. Mr. Kaufman and Mr. Winn issued Ms. Hicks a termination notice with an immediate effective date.

23. Once Ms. Hicks had gathered her own belongings, she returned to Ms. Lihou's office to turn over her Agency equipment, keys and identification badge to her supervisors. In the process of turning these items over, Ms. Hicks requested a receipt documenting the fact that she had returned the items. Mr. Winn refused to give her a receipt. Ms. Hicks then indicated that she would go to the Human Resources department to turn over the items so that she could get a receipt. At that time, Mr. Winn and Mr. Kaufman attempted to physically restrict Ms. Hicks' departure from the office and – once she managed to exit the internal office – the office suite. This included pushing Ms. Hicks against the wall and physically grabbing and restraining her.

24. Ms. Hicks' husband, Nikkol Hicks, who is a Capitol Police Officer, was present to witness some of Mr. Winn's and Mr. Kaufman's assault. At one point, Officer Hicks told Mr. Winn that he was committing an assault. At that time, Mr. Winn accused Officer Hicks of being in the office improperly. On information and belief, Mr. Winn later falsified a report against Officer Hicks, which lead to an Internal Affairs investigation against Officer Hicks.

25. The Plaintiff's colleagues who were not members in the same protected classes (or combination thereof) were not subjected to the same or similar adverse employment actions as those referenced above.

## COUNT I: RELIGIOUS DISCRIMINATION

26. Ms. Hicks repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

27. The SAA failed to provide a reasonable religious accommodation to Ms. Hicks (e.g. that she would not be required to be on-call on Sundays). Instead, the SAA retracted an <u>agreed</u> accommodation (that an identified employee would substitute for Ms. Hicks on her on-call Sundays). Thereafter, the SAA disciplined Ms. Hicks for failing to accept on-call duty on Sundays and used that purported failure to substantiate her termination. In so doing, the SAA discriminated against Ms. Hicks based on her religious beliefs in violation of 2 U.S.C. §1311 (a)(1).

28. As a result of the unlawful discriminatory and retaliatory conduct discussed above, Ms. Hicks suffered disciplinary actions, which, in part, lead to her termination. The unlawful discrimination caused Ms. Hicks to suffer economic damages in addition to severe emotional pain and suffering.

**COUNT II: RETALIATION BASED ON FMLA PARTICIPATION**

29. Ms. Hicks repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

30. In an attempt to interfere with, restrain, or deny the exercise of or the attempt to exercise her rights to FMLA leave in December 2006, the SAA, among other things, issued her an "unacceptable" rating on her first quarterly review period – specifically mentioning absences for which Ms. Hicks was covered by FMLA, and ultimately terminated her. In so doing, the SAA violated 2 U.S.C. § 1312, which extends FMLA protection, including that found in 29 U.S.C. § 2615(a)(2) to employees such as the Plaintiff.

31. As a result of the unlawful discriminatory and retaliatory conduct discussed above, Ms. Hicks suffered disciplinary actions, which, in part, lead to her termination. The unlawful discrimination caused Ms. Hicks to suffer economic damages in addition to severe emotional pain and suffering.

**COUNT III: RETALIATION BASED ON PROTECTED EQUAL EMPLOYMENT OPPORTUNITY ACTIVITY**

32. Ms. Hicks repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

33. In retaliation against Ms. Hicks for her protected Equal Employment Opportunity Activity, including but not limited to 1) her request for a reasonable religious accommodation, and 2) her complaints of prohibited discrimination (e.g., her letter to the Sergeant at Arms – in which she complained of disparate and retaliatory conduct - and her efforts to encourage her supervisor to address the discriminatory email

circulated by a co-worker), the SAA gave Ms. Hicks an "Unacceptable" performance evaluation, disciplined her, and ultimately terminated her.

34. As a result of the retaliatory conduct discussed above, Ms. Hicks suffered economic damages in addition to severe emotional pain and suffering.

### COUNT IV: TORT CLAIMS AGAING DEFENDANT WINN AND KAUFMAN

35. Ms. Hicks repeats and reavers each of the foregoing paragraphs as if they were specifically restated here.

36. Defendants Winn and Kaufman, by and through their actions discussed herein, committed various tortious actions against the Plaintiff, including assault, wrongful imprisonment, and intentional infliction of emotional distress. These actions, alone and/or in combinations with their misuse of the Capitol Police internal complaint procedures (by which, on information and belief, they had an internal affairs investigation launched against Officer Hicks), resulted in the intentional infliction of emotional distress upon the Plaintiff.

37. As a result of Defendants Winn and Kaufman's tortious conduct, Ms. Hicks has suffered severe emotional pain and suffering.

WHEREFORE, Plaintiff prays that this Court: (i) declare that the employment practices complained of in this Complaint are unlawful in that they violate the Congressional Accountability Act and the Civil Rights statutes made applicable to the SAA therein; (ii) permanently enjoin the Defendant SAA and its agents, officers and employees from engaging in all practices found by this Court to be in violation of the Congressional Accountability Act; (iii) order the Defendant SAA to make the Plaintiff whole by paying Plaintiff economic and compensatory damages in an amount to be determined at trial; (iv)

order Defendants Winn and Kaufman to pay Plaintiff compensatory and exemplary damages to compensate her for her emotional pain and suffering and deter them from similar behavior in the future; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant SAA to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the Defendant SAA to pay Plaintiff's costs and expenses and reasonable attorneys' fees in connection with this action; and (vii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

    Respectfully Submitted,
    ALDERMAN, DEVORSETZ & HORA PLLC

    /s/ Leslie D. Alderman III (D.C. # 477750)
    1025 Connecticut Ave., NW
    Suite 615
    Washington, DC 20036
    Tel: 202-969-8220
    Fax: 202-969-8224
    lalderman@adhlawfirm.com

    Attorney for the Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Afrika N. Hicks  88888 | U.S. Senate Sergeant at Arms, et al. |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leslie D. Alderman III
Alderman, Devorsetz & Hora PLLC
1025 Connecticut Ave., NW
Suite 615
Washington, D.C. 20036

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02186
Assigned To : Roberts, Richard W.
Assign. Date : 12/4/2007
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/ 2255* | ⊙ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Discrimination and Retaliaiton in violation of Congressional Accountability Act 2 U.S.C. 1301 et seq.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ N/A   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 12/4/07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.