UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS, | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. 1:07-cv-02186 (RWR) |
| UNITED STATES SENATE SERGEANT AT ARMS, | ) |
| and | ) |
| KIMBALL B. WINN, | ) |
| and | ) |
| RICK KAUFMAN, | ) |
|       Defendants. | ) |

**DEFENDANTS WINN'S AND KAUFFMAN'S**
**MOTION FOR CORRECTION OF THE DOCKET**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule 7 of the Local Civil Rules for the United States District Court for the District of Columbia, Defendants Kimball B. Winn ("Winn") and Rick Kauffman ("Kauffman") hereby move this Court to correct the docket in the above-captioned case to state that Winn's and Kauffman's responses to Plaintiff Afrika N. Hicks's Complaint are due on May 2, 2008. Currently, the docket incorrectly states that Winn's and Kauffman's responses were due on March 21, 2008.

Pursuant to Local Civil Rule 7(m), counsel for Winn and Kauffman and counsel for Plaintiff Afrika N. Hicks ("Plaintiff") discussed this motion. Plaintiff does not consent to the

motion but does not oppose giving Winn and Kauffman until May 2, 2008, to file a response to Plaintiff's Complaint.

      Federal Rule of Civil Procedure 12(a)(3) states:

> *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

Fed. R. Civ. P. 12(a)(3). The purpose of this provision is to ensure that the United States has sufficient time "to determine whether to provide representation to the defendant officer or employee." Fed. R. Civ. P. 12(a)(3) advisory committee's note (2000 Amendment).

      In this case, Federal Rule of Civil Procedure 12(a)(3) ("Rule 12(a)(3)") governs, and Winn and Kauffman have sixty days to file a response to Plaintiff's Complaint. First, Winn and Kauffman are employees of the Office of the United States Senate Sergeant at Arms ("OSAA") (Compl. ¶ 22), an employing office in the United States Senate, 2 U.S.C. § 1301(9)(C).

      Second, Plaintiff has sued Winn and Kauffman in their individual capacities for acts occurring in connection with duties performed on behalf of the OSAA. Plaintiff was employed by the OSAA as a Telecommunications Operations Specialist in the OSAA's Department of IT Support Services. (Compl. ¶ 10.) Kauffman was Plaintiff's second-level supervisor, and Winn was her third-level supervisor. (Compl. ¶ 22.) On February 27, 2007, Winn, Kauffman, and Mary Lihou, Plaintiff's direct supervisor, met with Plaintiff and terminated her employment effective that day. (Compl. ¶ 22.)

      In response to her termination, Plaintiff sued the OSAA and sued Winn and Kauffman in their individual capacities. She served her Complaint on Winn and Kauffman on March 1, 2008,

and served the OSAA and the United States Attorney General on March 3, 2008. Plaintiff alleges that Winn and Kauffman committed tortious acts in connection with the termination of her employment. (Compl. ¶¶ 23, 24, 35-37.) According to the Complaint, all alleged tortious acts occurred in the workplace during working hours. (Compl. ¶¶ 23, 24, 35-37.)

Plaintiff's Complaint makes clear that all allegations against Winn and Kauffman are for acts occurring in connection with their duties on behalf of the OSAA—specifically, Winn's and Kauffman's termination of Plaintiff's employment on February 27, 2007. As such, the requirements of Rule 12(a)(3) are squarely met, and Winn and Kauffman are entitled to sixty days from service on the United States Attorney General to file a response to Plaintiff's Complaint.

Because Rule 12(a)(3) governs, Winn and Kauffman respectfully move this Court to correct the docket to show that Winn and Kauffman have until May 2, 2008, to file a response to Plaintiff's Complaint.

Dated: April 2, 2008               Respectfully submitted,

/s/ Dawn Bennett-Ingold
Jean M. Manning
D.C. Bar No. 439942
Senate Chief Counsel for Employment

Dawn Bennett-Ingold
D.C. Bar No. 482083
Senate Senior Counsel for Employment

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424
*Attorneys for Defendants, Kimball B. Winn and Rick Kauffman*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02186 (RWR) |
| ) | |
| UNITED STATES SENATE SERGEANT ) | |
| AT ARMS, ) | |
| ) | |
| and ) | |
| ) | |
| KIMBALL B. WINN, ) | |
| ) | |
| and ) | |
| ) | |
| RICK KAUFMAN, ) | |
| ) | |
| Defendants. ) | |

## [PROPOSED] ORDER

Upon consideration of Defendants Winn's and Kauffman's Motion for Correction of the Docket, it is hereby ORDERED that Defendants' motion is GRANTED and that this Court will correct the docket to show that Winn and Kauffman have until May 2, 2008, to file a response to Plaintiff's Complaint.

**IT IS SO ORDERED.**

Date: _____            _____
                                                                   Richard W. Roberts
                                                                   United States District Court Judge