**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AFRIKA N. HICKS | ) |
| | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Case No: 1:07-cv-02186 |
| UNITED STATES SENATE | ) |
| SERGEANT AT ARMS et al. | ) Judge Richard W. Roberts |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR CORRECTION OF THE DOCKET**

The Plaintiff, by and through her undersigned counsel, hereby opposes the Defendant's Motion For Correction of the Docket.

The Plaintiff wishes to make clear that she did <u>not</u> initially object to the result that Defendants Winn and Kaufman seek, and she would have been happy to simply agree to an extension of time in which Defendants Winn and Kaufman would be required to file their Answer had the Defendant filed this motion as a simple motion for extension of time. The Plaintiff opposes this motion because the Defendant's arguments have greater implications for this litigation than the simple motion at bar would have the Court believe.

As the undersigned indicated to the Defendant's attorney, however, the Plaintiff does not agree that Defendants Winn and Kaufman were acting within the scope of their employment with the Federal Government. As such the Plaintiff cannot and does not make the concession the Defendants seek. Such a concession, moreover, could be against the Plaintiff's interests since it may affect her ability to recover from either the federal

government or Winn and Kaufman directly, as a result of Winn and Kaufman's intentional torts against the Plaintiff, and may be the subject of the Defendants' future dispositive motions.

It appears that by filing this motion in its current form, instead of an after the fact motion for extension of time under Rule 6(b)(1)(B), the Defendants seek three things, first to avoid making the costly and embarrassing concession that they failed to file a responsive pleading within the 20 days afforded under Rule 12(1)(a)(i) of the Federal Rules of Civil Procedure, second to avoid being required to show "excusable neglect" for failing to file a responsive pleading within the 20 day deadline, and third to garner a concession on the point of whether Defendants Winn and Kaufman were acting within the scope of their employment when they, among other things, assaulted and wrongfully imprisoned Ms. Hicks.

The posturing of the Defendant's motion is not exactly straightforward. The Defendants are not capable of filing the motion that they likely would desire to motion (a motion to dismiss the claims against Winn and Kaufman) because such a motion would be untimely under Federal Rule 12(1)(a)(i). Additionally, the Defendants are incapable of demonstrating that their failure to file a responsive pleading is the result of excusable neglect under Rule 6(b)(1)(B).[1]

Since the Defendants have failed to demonstrate excusable neglect for the failure to file a responsive pleading within the 20-day deadline and since they have offered no precedential support or support in the Plaintiffs' Complaint for the argument that

---

[1] Defendants were each served on March 1, 2008 (see Docket Entries 5 and 6), at their respective home addresses, and the summons for each indicated that an answer was due within 20 days. *See* Exhibit 1 and 2, hereto, which contain incomplete copies of the summonses.

"Plaintiff has sued Winn and Kauffman in their individual capacities for acts occurring in connection with duties performed on behalf of the OSAA," the Defendant's motion should be denied and the clerk should be instructed to enter their default under Rule 55(a).

        Respectfully Submitted,
        ALDERMAN, DEVORSETZ & HORA, PLLC

        /s/ Leslie D. Alderman III (D.C. #477750)
        1025 Connecticut Ave., NW
        Suite 615
        Washington, DC 20036
        Tel: 202-969-8220
        Fax: 202-969-8224

        Counsel for the Plaintiff

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
District of Columbia

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                                                       DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| **RETURN OF SERVICE** | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

    G  Served personally upon the defendant. Place where served: _____

    G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

        Name of person with whom the summons and complaint were left: _____

    G  Returned unexecuted: _____

    G  Other (specify): _____

| **STATEMENT OF SERVICE FEES** | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| **DECLARATION OF SERVER** |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____
                Date        *Signature of Server*

                      *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

TO: (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                          DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| | **RETURN OF SERVICE** |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

    G  Served personally upon the defendant. Place where served: _____

_____

    G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

    G  Returned unexecuted: _____

_____

_____

    G  Other (specify): _____

_____

_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                      Date                *Signature of Server*

                                _____
                                *Address of Server*

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.