UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS, | ) |
|       Plaintiff, | ) |
|       v. | ) Case No. 1:07-cv-02186 (RWR) |
| UNITED STATES SENATE SERGEANT AT ARMS, | ) |
| and | ) |
| KIMBALL B. WINN, | ) |
| and | ) |
| RICK KAUFMAN, | ) |
|       Defendants. | ) |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS WINN'S AND KAUFFMAN'S MOTION FOR CORRECTION OF THE DOCKET**

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Rule 7(d) of the Local Civil Rules for the United States District Court for the District of Columbia, Defendants Kimball B. Winn ("Winn") and Rick Kauffman ("Kauffman") submit this Reply in further support of their Motion for Correction of the Docket ("Motion").

Federal Rule of Civil Procedure 12(a)(3) ("Rule 12(a)(3)") governs this case and entitles Winn and Kauffman to 60 days to respond to Plaintiff's Complaint because all alleged tortious conduct occurred in connection with Winn's and Kauffman's service to the Office of the Senate Sergeant at Arms ("OSAA"). In her opposition, Plaintiff does not rebut the applicability of Rule

12(a)(3) nor does she proffer any facts establishing that the alleged tortious acts did not occur in connection with Winn's and Kauffman's service to the OSAA.  Moreover, as set forth in the Motion, Plaintiff's Complaint establishes that all of the alleged tortious acts took place during work hours, on work premises, and in connection with Plaintiff's termination.  (Compl. ¶¶ 22-24, 36.)  As such, it is undisputed that the alleged tortious acts occurred in "connection with duties performed on the United States' behalf" and, therefore, that Winn and Kauffman are entitled to 60 days to respond to Plaintiff's Complaint.  Fed. R. Civ. P. 12(a)(3).

Because Rule 12(a)(3) governs, Plaintiff's argument that Winn and Kauffman were required to move for an extension of time under Federal Rule of Civil Procedure 6(b)(1)(B) (*see* Pl.'s Opp'n at 2-3) is groundless.  Equally groundless is Plaintiff's argument that Defendants have only 20 days to respond to Plaintiff's Complaint because she indicated so on the summons.  (Pl.'s Opp'n at 2 n.1.)  Rule 12(a)(3) governs this case, and Plaintiff cannot fiat an alternate timetable.

Finally, Plaintiff inaccurately argues that Defendants are seeking a concession on the issue of whether Winn and Kauffman were acting within the scope of their employment during the time period at issue.  (Pl.'s Opp'n at 1-2.)  Rule 12(a)(3), a procedural rule, does not govern any scope of employment issue that may arise in this case.[1]  *See Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 663 (D.C. Cir. 2006) (stating that for torts allegedly committed by government employees in the District of Columbia, the scope of employment issue is governed solely by the law of the District of Columbia).  The advisory committee's note to

---

[1] When the parties' counsel conferred on the Motion, Defendants' counsel explained that Rule 12(a)(3) was not dispositive of any scope of employment issue that may arise.  As such, Plaintiff's counsel is aware that Defendants are not seeking a scope of employment concession.

Rule 12(a)(3) explains that the rule was adopted because:

> [t]ime is needed for the United States to determine whether to provide representation to the defendant officer or employee. If the United States provides representation, the need for an extended answer period is the same as in actions against the United States . . . .

Rule 12(a)(3) advisory committee's note (2000 Amendment). As such, this procedural rule, adopted to provide the United States adequate time to determine whether or not it will represent a federal employee sued for work-related acts, has no effect on the substantive issues in this case, including any scope of employment issue that may arise. Plaintiff does not provide any authority to the contrary.

For the reasons stated above and in Winn's and Kauffman's Motion, this Court should grant Defendants Winn's and Kauffman's Motion for Correction of the Docket and should order that Winn and Kauffman have until May 2, 2008, to file a response to Plaintiff's Complaint.

Dated: April 18, 2008                              Respectfully submitted,

/s/ Dawn Bennett-Ingold
Jean M. Manning
D.C. Bar No. 439942
Senate Chief Counsel for Employment

Dawn Bennett-Ingold
D.C. Bar No. 482083
Senate Senior Counsel for Employment

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424

*Attorneys for Defendants, Kimball B. Winn and Rick Kauffman*