## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                          )
**AFRIKA N. HICKS,**                      )
                                          )
   **Plaintiff,**          )
                                          )
   **v.**                   )  **Case No.: 1:07CV02186 (RWR)**
                                          )
**UNITED STATES SENATE SERGEANT**         )
**AT ARMS**                               )
                                          )
**and**                                   )
                                          )
**KIMBALL B. WINN**                       )
                                          )
**and**                                   )
                                          )
**RICK KAUFMAN,**                         )
                                          )
   **Defendants.**          )
_____ )

### DEFENDANTS WINN'S AND KAUFFMAN'S MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS COUNT IV OF THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

Pursuant to Rules 7(b), 12(b)(1), and 12(h)(3) of the Federal Rules of Civil Procedure and in accordance with Rule 7(a) of the Local Civil Rules of this Court, Defendants Kimball B. Winn and Rick Kauffman ("Defendants") respectfully submit this Motion to Substitute the United States and to Dismiss Count IV of the Complaint for Lack of Subject-Matter Jurisdiction. In support of this motion, Defendants have filed simultaneously herewith their Statement of Points and Authorities in Support of their Motion, the April 2, 2008, Certification, and the Declaration of Kimball B. Winn.

Dated:  April 30, 2008                          Respectfully submitted,


                                                /s/ Dawn Bennett-Ingold
                                                Jean M. Manning
                                                D.C. Bar No. 439942
                                                Senate Chief Counsel for Employment

                                                Dawn Bennett-Ingold
                                                D.C. Bar No. 482083
                                                Senate Senior Counsel for Employment

                                                Office of Senate Chief Counsel for
                                                Employment
                                                P.O. Box 77053
                                                Washington, D.C. 20013
                                                Telephone: (202) 224-5424

                                                *Attorneys for Defendants, Kimball B. Winn
                                                and Rick Kauffman*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **AFRIKA N. HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:07CV02186 (RWR)** |
| | ) | |
| **UNITED STATES SENATE SERGEANT** | ) | |
| **AT ARMS** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KIMBALL B. WINN** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RICK KAUFMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____ )

## DEFENDANTS WINN'S AND KAUFFMAN'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO SUBSTITUTE AND TO DISMISS

Jean M. Manning
D.C. Bar No. 439942
Senate Chief Counsel for Employment

Dawn Bennett-Ingold
D.C. Bar No. 482083
Senate Senior Counsel for Employment

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424

*Attorneys for Defendants, Kimball B. Winn and Rick Kauffman*

Date:  April 30, 2008

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................... 2

STANDARD FOR RULE 12(b)(1) MOTION ............................................................ 2

ARGUMENT ............................................................................................................... 3

I.     WITH RESPECT TO THE TORT CLAIMS, THE UNITED
       STATES SHOULD BE SUBSTITUTED AS THE DEFENDANT
       FOR WINN AND KAUFFMAN BECAUSE THEY WERE
       ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT
       AT ALL RELEVANT TIMES, AND, THEREFORE, PLAINTIFF'S
       EXCLUSIVE RECOURSE IS AGAINST THE UNITED STATES ......... 3

       A.     Scope Of Employment Certification By The Attorney
              General's Designee Provides *Prima Facie* Evidence That
              Winn And Kauffman Were Acting Within The Scope Of
              Their Employment ........................................................................ 3

       B.     Under Substantive Law, Plaintiff Is Unable To Rebut The
              Scope Of Employment Certification................................................ 4

II.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION
       OVER PLAINTIFF'S TORT CLAIMS BECAUSE PLAINTIFF
       HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES
       AND BECAUSE THE UNITED STATES HAS NOT WAIVED
       SOVEREIGN IMMUNITY FOR ANY OF PLAINTIFF'S TORT
       CLAIMS ............................................................................................... 8

       A.     This Court Does Not Have Jurisdiction Over Plaintiff's FTCA
              Claims Because Plaintiff Has Not Exhausted Administrative
              Remedies...................................................................................... 9

       B.     This Court Does Not Have Jurisdiction Over Plaintiff's FTCA
              Claims Because Congress Has Not Waived The Government's
              Sovereign Immunity For The Claims Asserted ............................. 9

CONCLUSION............................................................................................................ 12

# TABLE OF AUTHORITIES

## CASES

*Block v. North Dakota, ex rel. Board of University and School Lands*,
    461 U.S. 273 (1983) ................................................................................ 8
*Caesar v. United States*, 258 F. Supp. 2d 1 (D.D.C. 2003) ............................ 5
\* *Council on American Islamic Relations v. Ballenger*, 444 F.3d 659
    (D.C. Cir. 2006) ........................................................................... 3, 4, 5
*Dent v. May Department Stores Co.*, 459 A.2d 1042 (D.C. 1982) .................. 11
*Edmonds v. United States*, 436 F. Supp. 2d 28 (D.D.C. 2006) .................. 10, 11
*Evans-Reid v. District of Columbia*, 930 A.2d 930 (D.C. 2007) .................... 11
*FDIC v. Meyer,* 510 U.S. 471 (1994) ........................................................... 8
\* *GAF Corp. v. United States*, 818 F.2d 901 (D.C. Cir. 1987) ...................... 8, 9
*Haddon v. United States*, 68 F.3d 1420 (D.C. Cir. 1995) ........................... 4, 7
\* *Johnson v. Weinberg*, 434 A.2d 404 (D.C. 1981) ................................ 5, 6, 7
\* *Kugel v. United States*, 947 F.2d 1504 (D.C. Cir. 1991) ........................... 10
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ..................................... 2
\* *Lyon v. Carey*, 533 F.2d 649 (D.C. Cir. 1976) ...................................... 5, 6
*Oparaugo v. Watts*, 884 A.2d 63 (D.C. 2005) ............................................ 11
*Osborn v. Haley*, 127 S. Ct. 881 (2007) ...................................................... 3
*Rasul v. Myers*, 512 F.3d 644 (D.C. Cir. 2008) ........................................... 9
*Rasul v. Rumsfeld*, 414 F. Supp. 2d 26 (D.D.C. 2006) .............................. 2, 5
*Stokes v. Cross*, 327 F.3d 1210 (D.C. Cir. 2003) .......................................... 3
*Tri-State Hospital Supply Corp. v. United States*, 341 F.3d 571
    (D.C. Cir. 2003) ......................................................................... 11
*United States v. Neustadt*, 366 U.S. 696 (1961) .......................................... 10
*United States v. Orleans*, 425 U.S. 807 (1976) .............................................. 8
*United States v. Sherwood*, 312 U.S. 584 (1941) ........................................... 8
\* *Weinberg v. Johnson*, 518 A.2d 985 (D.C. 1986) ................................ 5, 6, 7

## STATUTES

The Federal Employees Liability Reform and Tort Compensation Act of 1988,
    28 U.S.C. § 2679 (2000) ........................................................................ 1
       28 U.S.C. § 2679(b)(1) ................................................................. 3, 4, 8
       28 U.S.C. § 2679(d)(1) .......................................................................... 3
       28 U.S.C. § 2679(d)(4) .......................................................................... 1
Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 (2000) ................ 1
       28 U.S.C. § 1346(b)(1) ................................................................. 10, 11
       28 U.S.C. § 2675(a) ........................................................................ 1, 9
       28 U.S.C. § 2680(h) ....................................................................... 2, 10

## REGULATIONS

28 C.F.R. § 15.3 (2007) ............................................................................. 3
28 C.F.R. § 15.4 (2007) ............................................................................. 3

## **OTHER AUTHORITIES**

Restatement (Second) of Agency § 228(1)(a)-(d) (1958) ..................................................... 4

      § 228(1)(a) ................................................................................................................... 7

      § 228(1)(b) ................................................................................................................... 7

      § 228(1)(c) ................................................................................................................... 7

      § 228(1)(d) ................................................................................................................... 7

## INTRODUCTION

Plaintiff Afrika N. Hicks ("Plaintiff") has commenced this civil action against the Office of the Sergeant at Arms for the United States Senate ("OSAA") and against Kimball B. Winn ("Winn") and Rick Kauffman ("Kauffman"), employees of the OSAA. Counts I – III of the Complaint are brought solely against the OSAA and are not at issue in this motion.  Count IV of the Complaint is brought solely against Winn and Kauffman and, as set forth below, should be dismissed in its entirety.

In Count IV of her Complaint, Plaintiff alleges that Winn and Kauffman committed the following tortious conduct: assault, false imprisonment, intentional infliction of emotional distress, and misuse of the internal affairs procedures of the United States Capitol Police ("USCP").  As established below, Winn and Kauffman are absolutely immune from suit because all alleged tortious conduct was committed within the scope of Winn's and Kauffman's employment with the OSAA.  *See* The Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), 28 U.S.C. § 2679 (2000).  Pursuant to the Westfall Act, the United States should be substituted as the proper defendant with respect to the tort claims brought in Count IV of the Complaint, *see* 28 U.S.C. § 2679(d)(4), and Plaintiff's only recourse is to proceed against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680 (2000).

Once the United States is substituted as the defendant with respect to Count IV, this Court lacks subject-matter jurisdiction over the tort claims because Plaintiff has not exhausted her administrative remedies, as required by the FTCA, *see id.* § 2675(a), and because, even if she had, the FTCA expressly excludes from its coverage all of the types

1

of tortious conduct alleged in Plaintiff's Complaint, *see id.* § 2680(h).  As such, Count IV

of the Complaint should be dismissed in its entirety.

## FACTUAL BACKGROUND

Plaintiff is a former Telecommunications Operations Specialist for the OSAA.

(Compl. ¶ 10.)  On February 27, 2007, Mary Lihou, Plaintiff's direct supervisor, asked

Plaintiff to meet with her; Kauffman, Plaintiff's second-level supervisor; and Winn,

Plaintiff's third-level supervisor.  (Compl. ¶ 22.)  During this meeting, Plaintiff's

employment with the OSAA was terminated, effective immediately.  (Compl. ¶ 22.)

## STANDARD FOR RULE 12(b)(1) MOTION

Plaintiff, as the party invoking the jurisdiction of this Court, bears the burden of

establishing that the Court has subject-matter jurisdiction over her claims.  *See Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  "Because subject-matter jurisdiction

focuses on the court's power to hear the claim, . . . the court must give the plaintiff's

factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be

required for a Rule 12(b)(6) motion for failure to state a claim."  *Rasul v. Rumsfeld*, 414

F. Supp. 2d 26, 30 (D.D.C. 2006).  As such, the Court is not limited to the allegations set

forth in Plaintiff's Complaint but may also look at material outside of the pleadings.  *Id.*

## ARGUMENT

I.    **WITH RESPECT TO THE TORT CLAIMS, THE UNITED STATES SHOULD BE SUBSTITUTED AS THE DEFENDANT FOR WINN AND KAUFFMAN BECAUSE THEY WERE ACTING WITHIN THE SCOPE OF THEIR EMPLOYMENT AT ALL RELEVANT TIMES, AND, THEREFORE, PLAINTIFF'S EXCLUSIVE RECOURSE IS AGAINST THE UNITED STATES**

### A.    Scope Of Employment Certification By The Attorney General's Designee Provides *Prima Facie* Evidence That Winn And Kauffman Were Acting Within The Scope Of Their Employment

A federal employee is absolutely immune from suit for common-law tort claims arising from acts or omissions committed within the scope of his or her employment. *See* 28 U.S.C. § 2679(b)(1); *see also Osborn v. Haley*, 127 S. Ct. 881, 887 (2007) (stating that Westfall Act "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties"). The Westfall Act authorizes the Attorney General, or his or her designee, to certify that the "employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(1); 28 C.F.R. §§ 15.3, 15.4 (2007). This certification is *prima facie* evidence that the defendant employee was acting within the scope of his or her employment during the relevant time period. *See Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). A plaintiff can overcome this *prima facie* evidence only if he or she proffers "specific facts rebutting the certification." *Id.* (quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)).

Once the Court determines that the defendant employee was acting within the scope of his or her employment, the United States is substituted for the individual defendant, and the civil action "shall be deemed an action against the United States." 28 U.S.C. § 2679(d)(1). Thereafter, a plaintiff's exclusive remedy is to proceed against the

United States under the FTCA, and "[a]ny other civil action . . . against the employee . . . is precluded . . . ." *Id.* § 2679(b)(1); *Haddon v. United States*, 68 F.3d 1420, 1423 (D.C. Cir. 1995) (overturned in part on other grounds) (holding that because employees were acting within the scope of employment "plaintiff's only recourse is to proceed against the federal government under the Federal Tort Claims Act").

In this case, the Attorney General's designee has certified that Winn and Kauffman were acting within the scope of their employment as employees of the United States at the time of the incidents alleged in Plaintiff's Complaint.  *See* Ex. 1, Apr. 2, 2008, Certification.  Moreover, as demonstrated below, Plaintiff is unable to proffer specific facts that would rebut this certification.

**B.      Under Substantive Law, Plaintiff Is Unable To Rebut The Scope Of Employment Certification**

The law of the place where the alleged tortious conduct occurred governs scope of employment issues under the Westfall Act.  *See Ballenger*, 444 F.3d at 663.  The District of Columbia, where the alleged tortious conduct occurred in this case, follows the Restatement (Second) of Agency (the "Restatement").  *See id.*  Under the Restatement, an employee acts within the scope of employment if his or her conduct: (a) "is of the kind he is employed to perform"; (b) "occurs substantially within the authorized time and space limits"; (c) "is actuated, at least in part, by a purpose to serve the master"; and (d) "if force is intentionally used by the servant against another, the use of force is not unexpectable by the master."  Restatement (Second) of Agency § 228(1)(a)-(d) (1958).

Under the first Restatement factor, conduct is of the kind an employee is employed to perform if it is "of the same general nature as that authorized or *incidental to* the conduct authorized."  *Ballenger*, 444 F.3d at 664 (internal quotation marks omitted).

This factor has been liberally construed, *see id.*, and, regardless of the nature of the alleged tortious conduct, the conduct is within the scope of employment if there is some nexus between the alleged tortious conduct and conduct authorized by the employer, *see Lyon v. Carey*, 533 F.2d 649, 652 (D.C. Cir. 1976) (upholding jury verdict that rape was within the scope of deliveryman's employment because rape was result of delivery dispute); *Johnson v. Weinberg* ("*Johnson I*"), 434 A.2d 404, 409 (D.C. 1981) (holding that reasonable jury could conclude that shooting of customer by laundromat employee was within the scope of employment because shooting was result of job-related dispute over missing laundry); *see also Rasul*, 414 F. Supp. 2d at 34 (holding that alleged torture was within the scope of employment because it was incidental to defendants' roles as military officials); *Caesar v. United States*, 258 F. Supp. 2d 1, 4 (D.D.C. 2003) (holding that, as a matter of law, slamming door on colleague was incidental to authorized conduct because the act occurred immediately after a dispute regarding a work project).

Moreover, an employee acts to serve his employer if the employee is motivated, at least in part, by the employer's business even if the employee is also motivated by personal reasons. *See Weinberg v. Johnson* ("*Johnson II*"), 518 A.2d 985, 988 (D.C. 1986) ("The employer does not avoid liability for the employee's intentional torts, however, if the tort is committed partially because of a personal motive, such as revenge, as long as 'the employee [is] actuated, at least in part, by a desire to serve his principal's interest.'"); *Caesar*, 258 F. Supp. 2d at 5 (holding that because employee was outraged by plaintiff's criticism of work project, tortfeasor was motivated "at least in part to serve her employer"). When the alleged tortious conduct occurs while the employee "is in the

course of performing job duties, the employee is presumed to be intending, at least in part, to further the employer's interests."  *Johnson II*, 518 A.2d. at 989.

Finally, the use of force is not unexpected if the force was not "totally unprovoked and unexpected."  *Johnson I*, 434 A.2d at 408 (holding that reasonable jury could conclude that shooting by laundromat employee was not "unexpectable" because it could be anticipated that customers would confront employee if they were unable to find laundry that had been deposited in laundromat's machines); *Lyon*, 533 F.2d at 651 (holding that rape by delivery person was not unexpected because delivery person, who has access to customer's home, is "likely to be in situations of friction with customers . . . [and] these foreseeable altercations may precipitate violence").

In this case,[1] Plaintiff cannot proffer any specific facts that would rebut the scope of employment certification.  Plaintiff alleges that on February 27, 2007, Kauffman and Winn, her second and third-level supervisors, terminated her employment.  (Compl. ¶ 22.)  They asked Plaintiff to return her office equipment, keys, and identification badge. (Compl. ¶ 23.)  When Plaintiff refused to return all of her office equipment, Plaintiff alleges that Winn and Kauffman physically blocked and restrained her from leaving the office.  (Compl. ¶ 23.)  Later that same day, the OSAA's Human Resources Department asked Winn to document in writing Plaintiff's termination, which he did.  (Ex. 2, Declaration of Kimball B. Winn ("Winn Decl.") ¶¶ 3, 4.)  Subsequently, the USCP contacted Winn for additional information about Plaintiff's termination.  (Winn Decl. ¶ 5.)  When the USCP learned that Winn had documented the termination at the request of the Human Resources Department, he asked for a copy of Winn's memorandum,

---

[1] Most of the facts are taken from Plaintiff's Complaint and are assumed true for purposes of this motion only.

which Winn provided.  (Winn Decl. ¶¶ 6, 7.)  Plaintiff claims that the report provided by

Winn to the USCP was falsified.  (Compl. ¶ 24.)

       As shown above, a nexus exists between all of the alleged tortious conduct and

Winn's and Kauffman's authorized conduct—the termination of Plaintiff's employment.

As such, all of the alleged tortious conduct was incidental to Winn's and Kauffman's

authority and was within the scope of their employment.  *See* Restatement (Second) of

Agency § 228(1)(a).  Moreover, all alleged tortious conduct occurred at work and during

work hours (Compl. ¶¶ 22-24; Winn Decl. ¶¶ 5-7) and, therefore, was "substantially

within the authorized time and space limits," *see* Restatement (Second) of Agency

§ 228(1)(b).  Further, the alleged tortious conduct occurred while Winn and Kauffman

were performing their duties for the OSAA, and, therefore, Winn and Kauffman are

presumed to have acted in furtherance of the OSAA's business.  *See id.* § 228(1)(c);

*Johnson II*, 518 A.2d at 988.  Finally, their alleged conduct would not be totally

unexpected.  *See* Restatement (Second) of Agency § 228(1)(d).  Terminations are often

difficult, and it is not unusual for an employee who is being terminated to become upset

and confrontational.  As such, it would not have been "unexpectable" for Plaintiff and her

supervisors to have a confrontation as a result of her immediate termination and her

refusal to return office property.  *See Johnson I*, 434 A.2d at 408.

       Because the Restatement requirements are fully satisfied, Plaintiff is unable to

present any facts to overcome the scope of employment certification.  Therefore, with

respect to Count IV of the Complaint, this Court should substitute the United States for

Winn and Kauffman.  Plaintiff's sole recourse with respect to Count IV of the Complaint

is to proceed against the United States under the FTCA.  *See Haddon*, 68 F.3d at 1423.

Once the United States is substituted, Winn and Kauffman are no longer defendants in this action, and their names should be removed from the caption.

**II.     THIS COURT LACKS SUBJECT-MATTER JURISDICTION OVER PLAINTIFF'S TORT CLAIMS BECAUSE PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES AND BECAUSE THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR ANY OF PLAINTIFF'S TORT CLAIMS**

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586-87 (1941) (citations omitted); *FDIC v. Meyer,* 510 U.S. 471, 475 (1994) ("Sovereign immunity is jurisdictional in nature."). Waivers of sovereign immunity are construed narrowly in favor of the government, and any conditions on the waiver of sovereign immunity "must be strictly observed." *Block v. North Dakota, ex rel. Bd. of Univ. and Sch. Lands*, 461 U.S. 273, 287 (1983).

As noted, the FTCA is Plaintiff's exclusive remedy "for injury . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of the government's sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 813 (1976); *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987). As such, "the United States may define the terms upon which it may be sued and absent full compliance with the conditions the Government has placed upon its waiver, courts lack jurisdiction to entertain tort claims against it." *GAF Corp.*, 818 F.2d at 904.

A.    **This Court Does Not Have Jurisdiction Over Plaintiff's FTCA Claims Because Plaintiff Has Not Exhausted Administrative Remedies**

Plaintiff is required to exhaust administrative remedies before pursuing a claim against the United States under the FTCA.  The FTCA states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  A claim is adequately "presented" only if (1) "a written statement sufficiently describ[es] the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim" is included.  *GAF Corp.*, 818 F.2d at 905.  If a claim is not presented prior to the plaintiff bringing suit against the United States, the court does not have jurisdiction over the plaintiff's claims and must dismiss the claims.  *See id*; *Rasul v. Myers*, 512 F.3d 644, 661 (D.C. Cir. 2008) ("[W]e view the failure to exhaust administrative remedies as jurisdictional.").  Plaintiff has not presented any of her tort claims to the OSAA prior to instituting this lawsuit.  Therefore, this Court does not have jurisdiction over the FTCA claims, and Count IV of the Complaint should be dismissed.

B.    **This Court Does Not Have Jurisdiction Over Plaintiff's FTCA Claims Because Congress Has Not Waived The Government's Sovereign Immunity For The Claims Asserted**

Even if Plaintiff had exhausted her administrative remedies, this Court would not have jurisdiction over Count IV of the Complaint because Congress has not waived the government's sovereign immunity for any of the tort claims asserted by Plaintiff. Plaintiff has asserted claims of assault, false imprisonment, intentional infliction of emotional distress, and misuse of the USCP's internal affairs procedures.  The FTCA

excludes from its coverage "[a]ny claim arising out of assault, battery, false imprisonment . . . libel, [or] slander . . . ." 28 U.S.C. § 2680(h) ("§ 2680(h)"). As such, Plaintiff's claims of assault and false imprisonment (Compl. ¶ 36) are indisputably barred under § 2680(h).

Moreover, the statute excludes not only the enumerated torts but also any claim "arising out of" the enumerated torts. *See* 28 U.S.C. § 2680(h). A party, therefore, "may not substitute the name of a cause of action not included in section § [sic] 2680(h) for one that is included where the alleged breach of duties in the two claims is identical." *Kugel v. United States*, 947 F.2d 1504, 1506-07 (D.C. Cir. 1991). Rather, in determining the nature of the claim, the court "must scrutinize the alleged cause of the [the party's] injury," *see id.* at 1507, and the "government conduct that is alleged to have caused the injury determines the essential nature of the cause of action," *Edmonds v. United States*, 436 F. Supp. 2d 28, 35-36 (D.D.C. 2006). If the alleged government conduct is not independent from the excluded torts, the claim "arises out of" the excluded tort and is barred. *See United States v. Neustadt*, 366 U.S. 696, 703-05, 711 (1961) (holding that plaintiff could not circumvent § 2680(h) by asserting a negligence claim when the harm arose out of misrepresentation); *Kugel*, 947 F.2d at 1506-07 (holding that plaintiff's claim of negligent execution of an investigation was barred because the cause of plaintiff's injury was the dissemination of information from investigation, and, therefore, government conduct was not independent from defamation cause of action).

In determining the nature of the government conduct, courts must look to the law of the place where the alleged tortious conduct occurred. *See* 28 U.S.C. § 1346(b)(1). As relevant to this case, under the District of Columbia law, assault is an "intentional and

unlawful attempt or threat, either by words or by acts, to do physical harm to the victims." *Evans-Reid v. District of Columbia*, 930 A.2d 930, 937 (D.C. 2007) (internal quotation marks omitted). "A battery is an intentional act that causes a harmful or offensive bodily contact." *Id.* False imprisonment is the "unlawful detention of a person without a warrant for any length of time whereby he is deprived of his personal liberty or freedom of locomotion . . . by actual force, or by fear of force, or even by words . . . ." *Dent v. May Dept. Stores Co.*, 459 A.2d 1042, 1044 (D.C. 1982) (internal quotation marks omitted). Finally, defamation is "a false and defamatory statement concerning the plaintiff" made without privilege to a third party. *Oparaugo v. Watts*, 884 A.2d 63, 76 (D.C. 2005).

In addition to the claims of assault and false imprisonment, Plaintiff alleges that Winn misused the USCP's internal affairs procedures by falsifying a report against her husband, a USCP officer who was present during part of Plaintiff's termination.[2] (Compl. ¶ 24.) As in *Kugel*, the government conduct causing Plaintiff's alleged injury is the publication of allegedly false information by Winn to the USCP. As such, Plaintiff's claim arises out of defamation and is barred by § 2680(h). Plaintiff also alleges intentional infliction of emotional distress because she was allegedly physically restricted and blocked from leaving the office and because of the alleged false report submitted by

---

[2] With respect to this claim, Plaintiff's cause of action is not clear. Under the FTCA, the United States can be held liable only "if a private person [] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As such, to bring a tort claim against the United States, the plaintiff must assert a common-law tort that is recognized by the governing jurisdiction. *See Tri-State Hosp. Supply Corp. v. United States*, 341 F.3d 571, 575-76 (D.C. Cir. 2003); *Edmonds*, 436 F. Supp. 2d at 37 (ordering dismissal of negligent conversion claim in FTCA case because "there is no such claim under applicable D.C. law"). To the extent Plaintiff has asserted a cause of action that is not recognized by the District of Columbia, the claim must be dismissed.

Winn to the USCP.  (Compl. ¶¶ 23, 24, 36.)  Regardless of her characterization of the claim, her "emotional distress" arises out of alleged assault, battery, false imprisonment, and, as noted above, defamation.  As such, her claim for intentional infliction of emotional distress is also barred by § 2680(h).

Because Plaintiff has not alleged any government conduct independent from the alleged assault, battery, false imprisonment, and defamation, all of her tort claims are barred by § 2680(h).  Count IV of the Complaint should therefore be dismissed, and the United States should be dismissed from this action.

## CONCLUSION

For the reasons set forth above, Count IV of the Complaint should be dismissed in its entirety, and the United States should be dismissed from this action.


Dated:   April 30, 2008                    Respectfully submitted,


                                            /s/ Dawn Bennett-Ingold
                                           Jean M. Manning
                                           D.C. Bar No. 439942
                                           Senate Chief Counsel for Employment

                                           Dawn Bennett-Ingold
                                           D.C. Bar No. 482083
                                           Senate Senior Counsel for Employment

                                           Office of Senate Chief Counsel for
                                           Employment
                                           P.O. Box 77053
                                           Washington, D.C. 20013
                                           Telephone: (202) 224-5424

                                           *Attorneys for Defendants, Kimball B. Winn
                                           and Rick Kauffman*

1:07CV02186 (RWR)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AFRIKA N. HICKS,                          )
                                          )
          Plaintiff,                      )
                                          )
     v.                                   )  Civil Action No. 07-2186 RWR
                                          )
UNITED STATES SENATE SERGEANT AT          )
ARMS, et al.,                             )
                                          )
          Defendants.                     )
_____   )

## CERTIFICATION

I, Rudolph Contreras, Chief of the Civil Division, Office of
the United States Attorney for the District of Columbia, acting
pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue
of the authority delegated to the United States Attorney by 68
Fed. Reg. 74187, 74189 (Dec. 23, 2003) (updating Attorney
General's delegation of authority, effective Jan. 22, 2004)
(codified at 28 C.F.R. § 15.4), and first redelegated to me on
March 20, 2006, hereby certify that I have read the Complaint in
the above-captioned civil action, and that on the basis of the
information now available to me with respect to the incident
alleged therein, I find that Defendants Kimball Winn and Rick
Kauffman were acting within the scope of their employment as
employees of the United States at the time of the alleged
incident.

_____                    _____
dated  4/2/08                      RUDOLPH CONTRERAS, DC Bar #434122
                                   Assistant United States Attorney
                                   Chief, Civil Division

1:07CV02186 (RWR)

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No.: 1:07CV02186 (RWR) |
| | ) |
| UNITED STATES SENATE SERGEANT | ) |
| AT ARMS | ) |
| | ) |
| and | ) |
| | ) |
| KIMBALL B. WINN | ) |
| | ) |
| and | ) |
| | ) |
| RICK KAUFMAN, | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF KIMBALL B. WINN IN SUPPORT OF DEFENDANTS
WINN'S AND KAUFFMAN'S MOTION TO SUBSTITUTE THE
UNITED STATES AND TO DISMISS COUNT IV OF THE COMPLAINT
FOR LACK OF SUBJECT-MATTER JURISDICTION**

I, Kimball B. Winn, have personal knowledge of the following facts. If called as a witness, I could and would testify competently thereto.

1. I was the Director of Information Technology Support Services for the Office of the Senate Sergeant at Arms ("OSAA") at the time of Afrika N. Hicks's termination.

2. On February 27, 2007, I was present when Ms. Hicks's employment with the OSAA was terminated.

3. On February 27, 2007, after Ms. Hicks's employment was terminated, the OSAA's Human Resources Department asked me to document Ms. Hicks's termination.

4. I prepared a written memorandum documenting the termination.

5. Later that same day, the United States Capitol Police ("USCP") contacted me regarding Ms. Hicks's termination.

6. During my conversation with the USCP, I told the USCP that I had documented Ms. Hicks's termination at the request of the Human Resources Department.

7. The USCP asked for a copy of this memorandum, which I provided.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 28, 2008.

Kimball B. Winn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**AFRIKA N. HICKS,**                                )
                                                    )
      **Plaintiff,**                           )
                                                    )
      **v.**                                  )      **Case No. 1:07-cv-02186 (RWR)**
                                                    )
**UNITED STATES SENATE SERGEANT**                   )
**AT ARMS,**                                        )
                                                    )
**and**                                             )
                                                    )
**KIMBALL B. WINN,**                                )
                                                    )
**and**                                             )
                                                    )
**RICK KAUFMAN,**                                   )
                                                    )
      **Defendants.**                          )
_____  )

## [PROPOSED] ORDER

      Upon consideration of Defendants Winn's and Kauffman's Motion to Substitute the

United States and to Dismiss Count IV of the Complaint for Lack of Subject-Matter Jurisdiction,

Defendants' Statement of Points and Authorities in Support of the Motion, the April 2, 2008,

Certification filed with Defendants' Motion, and the Declaration of Kimball B. Winn filed with

Defendants' Motion, Plaintiff's Opposition thereto, and Defendants' Reply it is hereby

ORDERED that Defendants Winn's and Kauffman's motion is GRANTED and that this Court

will substitute the United States for Winn and Kauffman; will dismiss Count IV of the Complaint

in its entirety for lack of subject-matter jurisdiction; and will dismiss the United States from this

action.

**IT IS SO ORDERED.**

Date:_____                    _____
                                          Richard W. Roberts
                                          United States District Court Judge