UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AFRIKA N. HICKS, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES SENATE SERGEANT AT ARMS, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.: 1:07CV02186 (RWR) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT OFFICE OF THE SERGEANT AT ARMS
FOR THE UNITED STATES SENATE'S ANSWER TO THE COMPLAINT**

The Office of the Sergeant at Arms for the United States Senate ("OSAA")[1] for its Answer to the Original Complaint ("Complaint") in the above-captioned matter, states as follows:

**Jurisdiction and Parties**

1. In response to paragraph 1 of the Complaint, the OSAA admits that Plaintiff Afrika N. Hicks ("Plaintiff") purports to invoke the jurisdiction of this Court as alleged.

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 2 of the Complaint except that the OSAA admits that Plaintiff purports to institute a claim pursuant to the Congressional Accountability Act of 1995 ("CAA"), *see* 2 U.S.C. §§ 1301-1438 (2000), Title VII of the Civil Rights Act of 1964, as amended, *see* 42 U.S.C. §§ 2000e – 2000e-17 (2000), and the common law.

---

[1] As set forth in the OSAA's Unopposed Motion to Correct the Caption, Defendant's correct name is the Office of the Sergeant at Arms for the United States Senate.

3.      Paragraph 3 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 3 of the Complaint.

4.      The OSAA admits that Plaintiff was employed by the OSAA until her termination in February 2007 and admits, upon information and belief, that Plaintiff is African-American. The OSAA is without knowledge or information sufficient to allow it to admit or deny that Plaintiff is a resident of Maryland. The remainder allegation in paragraph 4 of the Complaint sets forth a legal conclusion to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegation.

5.      In response to paragraph 5 of the Complaint, the OSAA admits that it is Plaintiff's former employer and that it is located in the District of Columbia. The OSAA denies that it is a congressional agency.

6.      In response to paragraph 6 of the Complaint, the OSAA denies that Kimball B. Winn is a resident of Maryland.

7.      In response to paragraph 7 of the Complaint, the OSAA admits that Rick Kauffman is a resident of Maryland.

8.      Paragraph 8 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that a response is required, the OSAA is without knowledge or information sufficient to allow it to admit or deny the allegations except that the OSAA admits that Plaintiff participated in the Office of Compliance mediation and that Plaintiff filed the Complaint after the expiration of 30 days and before the expiration of 90 days following her receipt of the Notice of Termination of Mediation.

## **Background Facts**

9.      The OSAA incorporates herein by reference its answers to paragraphs 1-8 of the Complaint.

10.     In response to paragraph 10 of the Complaint, the OSAA admits that prior to her termination, Plaintiff was a Telecommunications Operations Specialist with the OSAA.

11.     In response to paragraph 11 of the Complaint, the OSAA admits that Plaintiff was granted leave under the Family and Medical Leave Act, as incorporated by the CAA, in December 2004 and that she returned from her leave in March 2005.

12.     The OSAA denies the allegations in paragraph 12 of the Complaint except that the OSAA admits that Plaintiff complained about an email that had been circulated by a co-worker and that she brought the email to the attention of her supervisor, Mary Lihou.  The OSAA refers the Court to that document for its true and complete contents.

13.     The OSAA admits that in August 2006 in response to a new department policy requiring employees to be on call over the weekends, Plaintiff requested that she not be required to work on Sundays.  The OSAA is without knowledge or information sufficient to allow it to admit or deny the remaining allegations in paragraph 13 of the Complaint.

14.     The OSAA denies the allegations in paragraph 14 of the Complaint except that the OSAA admits that staff from the OSAA's Human Resources Department met with Plaintiff in response to her request not to work on Sundays.

15.     The OSAA denies the allegations in paragraph 15 of the Complaint except that the OSAA admits that the on-call policy required, *inter alia*, that employees secure their own substitutes for those weekends when they were on call and could not work.

16. The OSAA denies the allegations in paragraph 16 of the Complaint except that the OSAA admits that Plaintiff received a performance evaluation for the period ending September 2006 and that Ms. Lihou rated Plaintiff as not having met the standards for her position. The OSAA refers the Court to that document for its true and complete contents.

17. In response to paragraph 17 of the Complaint, the OSAA admits that Plaintiff's September 2006 Performance Appraisal set forth assignments and/or goals that Plaintiff had to complete or meet to improve her performance. The OSAA also admits that Plaintiff was placed on quarterly review cycles with objectives to track her improvement. The OSAA refers the Court to the September 2006 Performance Appraisal for its true and complete contents.

18. The OSAA denies the allegations in paragraph 18 of the Complaint except that the OSAA admits that on or about October 27, 2006, Ms. Lihou gave Plaintiff a counseling memorandum. The OSAA refers the Court to that document for its true and complete contents.

19. In response to paragraph 19 of the Complaint, the OSAA admits that on or about November 1, 2006, Plaintiff requested FMLA leave to undergo and recover from surgery and that this surgery was eventually scheduled for December 2006.

20. In response to paragraph 20 of the Complaint, the OSAA admits that on or about December 10, 2006, Plaintiff transmitted a letter to William Pickle, the Senate Sergeant at Arms at that time. The OSAA refers the Court to that document for its true and complete contents.

21. In response to paragraph 21 of the Complaint, the OSAA admits that Ms. Lihou drafted a memorandum on or about February 13, 2007, that summarized her findings from the first quarterly review. The OSAA refers the Court to that document for its true and complete contents.

22. The OSAA admits the allegations in paragraph 22 of the Complaint.

23. The OSAA denies the allegations in paragraph 23 of the Complaint except that the OSAA admits that, on or about February 27, 2007, after gathering her belongings, Plaintiff returned to Ms. Lihou's office to turn in her office equipment, identification badge, and keys but then refused to return all items without first receiving a receipt documenting that she had returned the items. The OSAA further admits that Plaintiff was not given a receipt immediately.

24. The OSAA denies the allegations in paragraph 24 of the Complaint.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 25 of the Complaint.

## COUNT I

26. The OSAA incorporates herein by reference its answers to paragraphs 1-25 of the Complaint.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 28 of the Complaint.

## COUNT II

29. The OSAA incorporates herein by reference its answers to paragraphs 1-28 of the Complaint.

30. Paragraph 30 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 31 of the Complaint.

## COUNT III

32. The OSAA incorporates herein by reference its answers to paragraphs 1-31 of the Complaint.

33. Paragraph 33 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 34 of the Complaint.

## COUNT IV

35. The OSAA denies that Count IV of the Complaint is applicable to it, and, therefore, no response is required. To the extent a response is required, the OSAA incorporates herein by reference its answers to paragraphs 1-34 of the Complaint.

36. The OSAA denies that Count IV of the Complaint is applicable to it, and, therefore, no response is required. In addition, paragraph 36 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 36 of the Complaint.

37.     The OSAA denies that Count IV of the Complaint is applicable to it, and, therefore, no response is required. In addition, paragraph 37 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, the OSAA denies the allegations in paragraph 37 of the Complaint.

## RELIEF

The OSAA denies that Plaintiff is entitled to any relief.

*\*\*\**

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, the OSAA asserts the following affirmative and other defenses, without undertaking to assume the burden of proof as to any such defense, except as provided by law.

## FIRST DEFENSE
### (Failure to State a Claim for Relief)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Lack of Subject-Matter Jurisdiction)

To the extent Plaintiff asserts in this action any claim for which she failed timely to file a request for counseling or a request for mediation and/or any claim that was not raised in her request for counseling and/or mediation, such claims are barred due to a failure to exhaust administrative remedies.

## THIRD DEFENSE
### (Lack of Subject-Matter Jurisdiction)

To the extent that Plaintiff attempts to assert any claim(s) against the OSAA under Count IV of the Complaint, the Court is without jurisdiction to grant the relief requested.

## FOURTH DEFENSE
### (Exclusive Statutory Remedy)

The exclusive remedy for the claims asserted by Plaintiff against the OSAA is provided by the CAA. To the extent Plaintiff seeks relief that is not available under the CAA, the Court is without jurisdiction to grant the relief requested.

## FIFTH DEFENSE
### (Lack of Subject-Matter Jurisdiction)

To the extent Plaintiff alleges that the OSAA committed illegal acts other than those prohibited by the CAA, the Court lacks jurisdiction over her claims.

## SIXTH DEFENSE
### (Sovereign Immunity)

To the extent Plaintiff has not fully observed the conditions and limitations upon which Congress has waived the sovereign immunity of the OSAA, the Court lacks subject-matter jurisdiction.

## SEVENTH DEFENSE
### (Statute of Limitations)

To the extent Plaintiff did not file a request for counseling with the Office of Compliance within 180 days of the alleged violation(s) of the CAA, her claim with respect to such alleged violation(s) is barred by the statute of limitations set forth in section 402 of the CAA, 2 U.S.C. § 1402.

## EIGHTH DEFENSE
### (Frivolous)

The allegations and claims asserted in the Complaint have always been and continue to be frivolous.

## NINTH DEFENSE
### (Injury Caused by Others)

To the extent that Plaintiff has suffered any injury or damages, such injury or damages were not caused by the acts or omissions of the OSAA but by the acts or omissions of Plaintiff or of others.

## TENTH DEFENSE
### (Bad Faith)

Having brought this action in bad faith, Plaintiff must reimburse the OSAA for attorneys' fees and costs.

## ELEVENTH DEFENSE
### (Failure to Mitigate Damages)

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate her purported damages.

## TWELFTH DEFENSE
### (Business Reasons)

The OSAA's decisions with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons.

## THIRTEENTH DEFENSE
### (Failure to Use Complaint Procedures)

Plaintiff unreasonably failed to take advantage of the OSAA's preventive and corrective opportunities, including the OSAA's fully adequate internal complaint investigation and resolution mechanism.

## FOURTEENTH DEFENSE
### (Performance of Duties)

The OSAA has performed fully any and all contractual, statutory, and other duties to Plaintiff, and therefore Plaintiff is estopped to assert any claim or cause of action against the OSAA.

## FIFTEENTH DEFENSE
### (Lack of Subject-Matter Jurisdiction/Absolute Immunity)

To the extent Plaintiff alleges a claim governed by Article I, section 6, clause 1 of the United States Constitution, the Court lacks jurisdiction over her claims.

## SIXTEENTH DEFENSE
### (Estoppel)

Any of the conduct of the OSAA that is alleged to be unlawful was taken as a result of conduct by Plaintiff, and Plaintiff is therefore estopped to assert any cause of action against the OSAA.

## SEVENTEENTH DEFENSE
### (Unclean Hands)

To the extent Plaintiff has unclean hands, she is barred from equitable relief in this action.

## EIGHTEENTH DEFENSE
### (Mixed Motive)

Even if the OSAA took adverse action against Plaintiff in part because of an illegitimate motive, which it did not, the OSAA would not be liable under the CAA or would have limited liability if the OSAA would have taken the same action even in the absence of the illegitimate motive.

WHEREFORE, the Defendant, Office of the Sergeant at Arms for the United States Senate, prays that Plaintiff take nothing by her Complaint, that the Complaint be dismissed in its entirety, that the OSAA be awarded its attorneys' fees and costs, and that the Court award to the OSAA such other relief as it deems just and proper.

Dated:  May 1, 2008				Respectfully submitted,


					/s/ Dawn Bennett-Ingold
					Jean M. Manning
					D.C. Bar No. 439942
					Senate Chief Counsel for Employment

					Dawn Bennett-Ingold
					D.C. Bar No. 482083
					Senate Senior Counsel for Employment

					Office of Senate Chief Counsel for Employment
					P.O. Box 77053
					Washington, D.C. 20013
					Telephone: (202) 224-5424

					*Attorneys for Defendant,*
					*Office of the Sergeant at Arms for the United States Senate*