# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————

|  |  |  |
|---|---|---|
| **AFRIKA N. HICKS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 1:07CV02186 (RWR)** |
| | ) | |
| **THE OFFICE OF THE SERGEANT AT ARMS FOR THE UNITED STATES SENATE** | ) ) ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KIMBALL B. WINN** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **RICK KAUFMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

——————————————————————— )

## DEFENDANTS WINN'S AND KAUFFMAN'S REPLY IN SUPPORT OF THEIR MOTION TO SUBSTITUTE THE UNITED STATES AND TO DISMISS COUNT IV OF THE COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION

Jean M. Manning
D.C. Bar No. 439942
Senate Chief Counsel for Employment

Dawn Bennett-Ingold
D.C. Bar No. 482083
Senate Senior Counsel for Employment

Office of Senate Chief Counsel for Employment
P.O. Box 77053
Washington, D.C. 20013
Telephone: (202) 224-5424

*Attorneys for Defendants, Kimball B. Winn and Rick Kauffman*

Date:  May 23, 2008

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................... 1

ARGUMENT .................................................................................................................... 1

    I.      THE MOTION TO SUBSTITUTE IS PROPERLY BEFORE THE
           COURT AT THE MOTION TO DISMISS STAGE ............................................. 1

           A.      The Certification Is *Prima Facie* Evidence That All Relevant
                    Conduct Took Place Within The Scope Of Winn's And
                    Kauffman's Employment .......................................................... 2

           B.      The Scope-Of-Employment Issue Should Be Adjudicated At The
                    Motion To Dismiss Stage Without Discovery ............................. 2

    II.     UNDER SUBSTANTIVE LAW, PLAINTIFF HAS FAILED TO CARRY
           HER BURDEN OF ALLEGING FACTS THAT, IF TRUE, WOULD
           REBUT THE CERTIFICATION ........................................................... 4

           A.      All Alleged Tortious Conduct Was Of The Kind That Winn And
                    Kauffman Were Employed To Perform ..................................... 5

            B.      At All Relevant Times Winn And Kauffman Were Serving The
                    OSAA ..................................................................................... 9

           C.      The Alleged Tortious Conduct Was Foreseeable ..................... 10

           D.      Plaintiff's Request For Discovery Should Be Denied Because
                    None Of The Facts Alleged, If True, Would Rebut The Certification ..... 12

    III.    THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE, AS
           PLAINTIFF CONCEDES, THE UNITED STATES HAS NOT WAIVED
           SOVEREIGN IMMUNITY FOR THE TORT CLAIMS ALLEGED IN
           COUNT IV OF THE COMPLAINT ................................................... 14

CONCLUSION .................................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*Caesar v. United States*, 258 F. Supp. 2d 1 (D.D.C. 2003) ........................................................ 3, 7

\* *Council on American Islamic Relations v. Ballenger*, 444 F.3d 659
   (D.C. Cir. 2006) ................................................................................ 2, 3, 6, 7, 8, 9, 12, 13

*Haddon v. United States*, 68 F.3d 1420 (D.C. Cir. 1995)........................................................ 6, 7

*Johnson v. Weinberg*, 434 A.2d 404 (D.C. 1981)................................................................ 7, 9, 11

*Kimbro v. Velten*, 30 F.3d 1501 (D.C. Cir. 1994)...................................................................... 4

*Lyon v. Carey*, 533 F.2d 649 (D.C. Cir. 1976) ................................................................ 6, 7, 9, 11

*Majano v. United States*, 469 F.3d 138 (D.C. Cir. 2006) ....................................................... 3, 10

*Majano v. United States*, Civ. No. 04-201 (RMC), 2008 WL 1821510
   (D.D.C. April 23, 2008).................................................................................... 3, 7, 10

*Moseley v. Second New St. Paul Baptist Church*, 534 A.2d 346 (D.C. 1987)............................ 11

\* *Rasul v. Myers*, 512 F.3d 644 (D.C. Cir. 2008) ...................................................... 2, 3, 4, 6, 7, 9, 13

*Rasul v. Rumsfeld*, 414 F. Supp. 2d 26 (D.D.C. 2006) ................................................................ 6

*Stokes v. Cross*, 327 F.3d 1210 (D.C. Cir. 2003)........................................................... 3, 4, 9

*Weinberg v. Johnson*, 518 A.2d. 985 (D.C. 1986)........................................................................ 9

*Wilson v. Libby*, 498 F. Supp. 2d 74 (D.D.C. 2007) ............................................................... 9, 10

## STATUTES

The Federal Employees Liability Reform and Tort Compensation Act of 1988,
28 U.S.C. § 2679 (2000):
     28 U.S.C. § 2679(b)(1) ....................................................................................... 1, 5
     28 U.S.C. § 2679(d)(1) ................................................................................. 1, 2, 5, 13

## REGULATIONS

28 C.F.R. § 15.4 (2007) ............................................................................................. 2

## OTHER AUTHORITIES

Restatement (Second) of Agency § 228(1)(a)-(d) (1958)............................................................ 5
   § 228(1)(b)........................................................................................................ 5

**INTRODUCTION**

In further support of their Motion to Substitute the United States and To Dismiss Count IV of the Complaint for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss") (Docket Entry (D.E.) #12) and in response to Plaintiff's Opposition to Defendants' Motion to Dismiss ("Opposition") (D.E. #16), Defendants Kim Winn ("Winn") and Rick Kauffman ("Kauffman") respectfully submit this Reply Brief.  As shown in their Motion to Dismiss and below, Plaintiff Afrika N. Hicks ("Plaintiff") has the burden to assert facts that, if true, would rebut the government's scope-of-employment certification (the "Certification").  She has failed to do so. As such, Winn and Kauffman are absolutely immune from suit, and the United States should be substituted for Winn and Kauffman as the only proper defendant as to Count IV of the Complaint.  *See* The Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679(b)(1), (d)(1) (2000).  Once the United States is substituted, Plaintiff concedes that Count IV should be dismissed in its entirety because "the United States has not waived immunity for claims of, or arising from, torts such as assault and wrongful imprisonment." (Opp'n at 3.)

**ARGUMENT**

**I.      THE MOTION TO SUBSTITUTE IS PROPERLY BEFORE THE COURT AT THE MOTION TO DISMISS STAGE**

Plaintiff argues that the Court should reject the Certification (*see* Motion to Dismiss Ex. 1) and that the scope-of-employment issue should not be adjudicated until the summary judgment stage.  (Opp'n at 4-7.)  Alternatively, Plaintiff argues that she is entitled to discovery and an evidentiary hearing before the Court adjudicates the scope-of-employment issue.  (Opp'n at 18-19.)  These arguments are without basis.

**A.    The Certification Is *Prima Facie* Evidence That All Relevant Conduct Took Place Within The Scope Of Winn's And Kauffman's Employment**

As Plaintiff acknowledges (Opp'n at 4-5), a scope-of-employment certification, although not conclusive on the scope-of-employment issue, is *prima facie* evidence that a defendant was acting within the scope of his or her employment during the relevant time period. *See, e.g.*, *Rasul v. Myers*, 512 F.3d 644, 655 (D.C. Cir. 2008); *Council on Am. Islamic Relations v. Ballenger*, 444 F.3d 659, 662 (D.C. Cir. 2006). Despite this acknowledgment, Plaintiff argues that the Certification should not be considered *prima facie* evidence in this case but instead should be vacated and that adjudication of the scope-of-employment issue should be postponed until the summary judgment stage. (Opp'n at 5.) Plaintiff provides neither statutory nor caselaw support for her novel argument that the Court should disregard the Certification. The Certification complies with the statutory requirements, *see* 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4 (2007), and the D.C. Circuit has found that certifications that are substantively identical to the one submitted in this case are *prima facie* evidence. *See, e.g.*, *Rasul*, 512 F.3d at 655 (finding that certification submitted in *Rasul v. Rumsfeld*, No. 04-1864 (RMU), D.E. #8, was *prima facie* evidence as to scope of employment) (certification is attached as Ex. 1); *Ballenger*, 444 F.3d at 662 (finding same with respect to certification submitted in *Council on Am. Islamic Relations, Inc. v. Ballenger*, No. 03-2488 (RJL), D.E. #9) (certification is attached as Ex. 2). As such, the Court should reject Plaintiff's argument that the Certification should be vacated.

**B.    The Scope-Of-Employment Issue Should Be Adjudicated At The Motion To Dismiss Stage Without Discovery**

Plaintiff has also failed to provide any compelling rationale for delaying the adjudication of the scope-of-employment issue until the summary judgment stage. Once the scope-of-employment certification has been filed, a plaintiff can overcome this *prima facie* evidence only

if he or she proffers "specific facts rebutting the certification." *Ballenger*, 444 F.3d at 662

(quoting *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003)).  Adjudication of the scope-of-

employment issue is solely within the purview of the courts, *Rasul*, 512 F.3d at 660 n.8, and,

contrary to Plaintiff's argument (Opp'n at 7), courts in this circuit routinely adjudicate this issue

at the motion to dismiss stage, *see, e.g.*, *Rasul*, 512 F.3d at 649; *Ballenger*, 444 F.3d at 661;

*Caesar v. United States*, 258 F. Supp. 2d 1, 1 (D.D.C. 2003).[1]

       Moreover, contrary to Plaintiff's argument (Opp'n at 18-19), even at the motion to

dismiss stage, limited discovery on the scope-of-employment issue is warranted only if a plaintiff

alleges facts that, if true, would show that the defendant had acted outside the scope of

employment.  *See Rasul*, 512 F.3d at 660 n.8, 662 (dismissing tort claims without allowing

discovery and holding that "discovery is not warranted if the plaintiff did not allege any facts in

his complaint or in any subsequent filing . . . that, if true, would demonstrate that [the defendant]

had been acting outside the scope of his employment" (internal quotation marks omitted));

*Stokes*, 327 F.3d at 1215 (holding that a plaintiff is entitled to discovery and an evidentiary

hearing on the scope-of-employment issue only if the plaintiff can "alleg[e] facts that, if true,

would establish that the defendants were acting outside the scope of their employment"); *see also*

*Caesar*, 258 F. Supp. 2d at 3-4 ("If the Court may independently determine, taking all of the

allegations of the Complaint as true, and making all reasonable factual inferences in the

plaintiff's favor, that, as a matter of law, the alleged tortfeasor was acting within the scope of her

employment when plaintiff was injured, then no evidentiary hearing is required.").

---

[1] Although Plaintiff suggests that *Caesar* may not be good law in light of *Majano v. United States*, 469 F.3d 138 (D.C. Cir. 2006) (*see* Opp'n at 14), she provides no legal analysis to support this assertion.  Notably, on remand, the district court in *Majano* cited approvingly to *Caesar*.  *See Majano v. United States*, Civ. No. 04-201 (RMC), 2008 WL 1821510, at *7 (D.D.C. Apr. 23, 2008).

Although Plaintiff cites *Rasul* and *Stokes* in support of her argument (*see* Opp'n at 6, 18), in both cases, the courts adjudicated the scope-of-employment issue at the motion to dismiss stage, and, as noted above, both courts held that discovery was required only if the plaintiff had alleged facts showing that the defendant had acted outside the scope of his or her employment. *See Rasul*, 512 F.3d at 649, 660 n.8, 662; *Stokes*, 327 F.3d at 1212-13, 1215.  In *Kimbro v. Velten*, 30 F.3d 1501, 1509-10 (D.C. Cir. 1994), also cited by Plaintiff (Opp'n at 5-6), the court suggested that the plaintiff could seek discovery on the scope-of-employment issue.  The court also stated, consistent with *Rasul* and *Stokes*, that an evidentiary hearing was required only if "there is a material dispute as to the scope issue . . . ."  *Id.* at 1509.  To the extent *Kimbro* suggests that discovery is always necessary before a scope-of-employment issue can be adjudicated, subsequent D.C. Circuit cases such as *Rasul* and *Stokes* make clear that *Kimbro*'s suggestion is not the law of the circuit.

The caselaw makes clear that the scope-of-employment issue is properly resolved at the motion to dismiss stage.  Moreover, as fully set forth below, Plaintiff is not entitled to limited discovery or an evidentiary hearing on the scope-of-employment issue because she has failed to allege any specific facts that, if true, would rebut the Certification.  *See Rasul*, 512 F.3d at 662; *Stokes*, 327 F.3d at 1212-13.

## II.    UNDER SUBSTANTIVE LAW, PLAINTIFF HAS FAILED TO CARRY HER BURDEN OF ALLEGING FACTS THAT, IF TRUE, WOULD REBUT THE CERTIFICATION

The parties agree that the scope-of-employment issue is governed by the Restatement (Second) of Agency, which states that an employee acts within the scope of employment if his or her conduct: (a) "is of the kind he is employed to perform"; (b) "occurs substantially within the authorized time and space limits"; (c) "is actuated, at least in part, by a purpose to serve the

master"; and (d) "if force is intentionally used by the servant against another, the use of force is

not unexpectable by the master."  Restatement (Second) of Agency § 228(1)(a)-(d) (1958).

Plaintiff has failed to allege any facts that, if true, would show that the Restatement test has not

been met.[2]  As such, Winn and Kauffman are absolutely immune from suit, *see* 28 U.S.C.

§ 2679(b)(1), and the United States should be substituted as the proper defendant with respect to

the tort claims alleged in Count IV of the Complaint, *see id.* § 2679(d)(1).

### A.    All Alleged Tortious Conduct Was Of The Kind That Winn And Kauffman Were Employed To Perform

Plaintiff does not dispute that Winn and Kauffman acted within the scope of their

employment when they terminated her employment.  Plaintiff argues instead that once Winn and

Kauffman tried to collect property belonging to the Office of the Sergeant at Arms for the United

States Senate ("OSAA"), including keys to the office, an identification badge that allowed access

to the Capitol complex, and electronic equipment, their conduct was no longer of the kind they

were employed to perform because only the Human Resources Department ("HR") was

authorized to collect OSAA-issued property from Plaintiff.  (Opp'n at 13, 16-17.)  In support of

her argument, Plaintiff quotes the following sentence from her termination letter: "If you have

Senate property at home, you are to bring it to Human Resources by close of business tomorrow,

February 28."  (Opp'n at 13 n.8 (quoting Ex. 1).)  Inexplicably, Plaintiff fails to acknowledge the

immediately preceding sentence in this termination letter, which states: "You are to turn in your

Senate identification badge, keys, and any Senate equipment issued to you immediately."

(Opp'n Ex. 1.)  This sentence makes clear that Winn and Kauffman, who were both present at

the termination meeting and gave Plaintiff the termination memorandum (Compl. ¶ 22), were

---

[2] Plaintiff did not contest the second prong of the Restatement test—that the alleged tortious conduct occurred substantially within the authorized time and space limits.  *See* Restatement (Second) of Agency § 228(1)(b).

fully authorized to collect immediately all of Plaintiff's OSAA-issued property.  As the letter states, only OSAA-issued property that was at Plaintiff's home—and therefore could not be turned in immediately to Winn and Kauffman—was to be returned to HR by the following day.

Plaintiff has attempted to create an issue of fact by selectively quoting from Plaintiff's termination letter.  Read in its entirety, however, the termination letter establishes that Winn and Kauffman were fully authorized not only to terminate Plaintiff's employment but also to collect OSAA-issued equipment from her.  Under a Rule 12(b)(1) motion, the Court is authorized to consider materials outside of the Complaint, *see Rasul v. Rumsfeld*, 414 F. Supp. 2d 26, 30 (D.D.C. 2006), and, based on her own submission, Plaintiff is unable to assert facts that, if true, would show that Winn's and Kauffman's conduct was not of the kind they were employed to perform.

Even assuming the truth of Plaintiff's assertion that only HR could collect OSAA-issued equipment from terminated employees, Winn's and Kauffman's conduct was, as a matter of law, of the kind they were employed to perform because it was "of the same general nature as that authorized or *incidental to* the conduct authorized."  *Ballenger*, 444 F.3d at 664 (internal quotation marks omitted).  Conduct is incidental to authorized conduct if it is "a direct outgrowth of an employee's instructions or job assignment."  *Haddon v. United States*, 68 F.3d 1420, 1424 (D.C. Cir. 1995) (overturned in part on other grounds) (internal quotation marks omitted).  The "incidental" prong is "broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf," *Ballenger*, 444 F.3d at 664, including torture, rape, shooting a customer, grabbing and yanking another employee's lanyard, and slamming a door on a work colleague, *see Rasul*, 512 F.3d at 658-59; *Lyon v. Carey*, 533 F.2d

649, 654 (D.C. Cir. 1976); *Johnson v. Weinberg* ("*Johnson I*"), 434 A.2d 404, 408-09 (D.C. 1981); *Majano*, 2008 WL 1821510, at *8-9; *Caesar*, 258 F. Supp. 2d at 4-5.

At a minimum, Winn's and Kauffman's attempt to collect OSAA-issued equipment from a terminated employee was incidental to their authorized conduct—the termination of Plaintiff's employment.  It strains credulity that managers would have the authority to terminate an employee but not have the authority to ask the terminated employee to return employer-issued equipment before she left the work premises.  Moreover, in light of the caselaw establishing that torture, rape, and other violent crimes were incidental to authorized conduct, *see supra*, collecting OSAA-issued equipment from a terminated employee during the termination process is unquestionably a direct outgrowth of the termination and, as a matter of law, conduct that is incidental to the authorized conduct.

Plaintiff acknowledges that, on its face, the binding caselaw "indicate[s] an extreme inclusiveness with respect to scope of employment . . . ." (Opp'n at 9-10 (citing to *Lyon*, 533 F.2d 649 and *Johnson I*, 434 A.2d 404).)  Plaintiff attempts to distinguish *Lyon* and *Johnson I* by arguing that courts in those cases were endorsing only the process used by the lower courts and not the results.  (Opp'n at 9.)  This argument is unavailing because the D.C. Circuit has repeatedly looked to *Lyon* and *Johnson I* for guidance on the substantive issue of whether conduct falls within the scope of employment under District of Columbia law.  *See, e.g.*, *Rasul*, 512 F.3d at 657-58; *Ballenger*, 444 F.3d at 664; *Haddon*, 68 F.3d at 1424-25 (overturned in part on other grounds).

Plaintiff also suggests that the alleged tortious conduct could not be of the kind Winn and Kauffman were employed to perform because the conduct was allegedly violent and because

Winn's[3] statement to the United States Capitol Police ("USCP") was allegedly false.[4]  (Opp'n at 13, 16.)  Plaintiff misapprehends the proper inquiry.  As the D.C. Circuit found in *Ballenger*:

> The proper inquiry in this case "focuses on the underlying dispute or controversy, not on the nature of the tort, and is broad enough to embrace any intentional tort arising out of a dispute that was originally undertaken on the employer's behalf."

*Ballenger*, 444 F.3d at 664.  In *Ballenger*, a congressman was sued for a defamatory comment allegedly made during a telephone conversation with a reporter.  *See id.* at 662.  The *Ballenger* court explained that the proper inquiry in that case was "whether that telephone conversation—not the allegedly defamatory sentence—was the kind of conduct Ballenger was employed to perform."  *Id.* at 664.  Likewise, in this case, the proper inquiry is not whether the alleged tortious conduct was violent or false but whether Winn's and Kauffman's conduct was authorized conduct or incidental to authorized conduct.  As shown *supra* pp. 5-7, Winn's and Kauffman's attempt to collect OSAA-issued equipment was authorized conduct or incidental to authorized conduct.  Moreover, as set forth in the Motion to Dismiss, Winn's submission of a written statement to the USCP was also authorized conduct or incidental to authorized conduct because he was directed by HR to write the statement memorializing Plaintiff's termination and because the statement was given to the USCP at its direct request.  (*See* Motion to Dismiss at 6-7, Ex. 2.)  Plaintiff has not disputed these facts or alleged any facts that, if true, would show that the statement given to the USCP was not authorized conduct or incidental to authorized conduct.

---

[3] In her Complaint, Plaintiff alleges only that Winn, not Kauffman, gave a false report to the USCP.  (*See* Compl. ¶ 24.)

[4] With respect to her claim that Winn misused the USCP's internal affairs procedures by filing a false statement (Compl. ¶¶ 24, 36), Plaintiff has not explained what cause of action she is asserting.  (*See* Motion to Dismiss at 11 n.2.)

### B.    At All Relevant Times Winn And Kauffman Were Serving The OSAA

Plaintiff argues that because Winn's and Kauffman's alleged tortious conduct was violent "it should be assumed that they had some ulterior, and solely personal, motive for their tortious conduct." (Opp'n at 13.) This argument is without basis. "[L]ike the inquiry into the kind of conduct authorized, the 'intent criterion focuses on the underlying dispute or controversy, not on the nature of the tort . . . .'" *Wilson v. Libby*, 498 F. Supp. 2d 74, 99 (D.D.C. 2007) (quoting *Stokes*, 327 F.3d at 1216). When the dispute or controversy arises while the employee "is in the course of performing job duties, the employee is presumed to be intending, at least in part, to further the employer's interests." *Weinberg v. Johnson* ("*Johnson II*"), 518 A.2d. 985, 989 (D.C. 1986); *id.* at 992 (concluding that "case law deems a job-related controversy to be sufficient predicate for the intent or purpose criterion"). This presumption is true even if the conduct is an intentional tort and even with respect to violent conduct. *See, e.g.*, *Rasul*, 512 F.3d at 660 (torture); *Lyon*, 533 F.2d at 651 (rape); *Johnson I*, 434 A.2d at 408-09 (shooting). Moreover, as Plaintiff acknowledges (Opp'n at 11), "even a partial desire to serve the master is sufficient" to satisfy this third prong of the Restatement test. *Ballenger*, 444 F.3d at 665.

In her Opposition, Plaintiff does not dispute that the alleged tortious conduct occurred on work premises, during work time, and while Winn and Kauffman were terminating Plaintiff's employment and attempting to secure OSAA-issued property. Because the dispute was job-related, Winn and Kauffman are presumed to have been serving the OSAA. *See Johnson II*, 518 A.2d at 989.

Plaintiff suggests that Winn and Kauffman did not have the intent to serve the OSAA because their alleged tortious conduct was not effective in securing OSAA-issued equipment and because they allegedly thwarted Plaintiff's ability to return her equipment to HR. (Opp'n at 13-14.) Even assuming the truth of Plaintiff's allegations, Plaintiff's argument is without merit

9

because the scope-of-employment analysis does not hinge on whether the employee acted in the best or most effective manner. If that were so, the immunity would be available only in those circumstances when it was not needed. *Cf. Wilson*, 498 F. Supp. 2d at 98 (concluding that plaintiff could not rebut certification simply by arguing that defendants' actions were illegal because then immunity would be useless as it would be available only when defendant had acted lawfully and, therefore, was not in need of immunity).

Plaintiff also relies extensively on *Majano*, 469 F.3d 138, for the proposition that an employee can turn from serving his or her employer and instead pursue a purely personal motive. (Opp'n at 11-13.) While this legal proposition is true, the facts of *Majano* are distinguishable from this case. In *Majano* the D.C. Circuit held that the plaintiff had asserted specific facts that, if true, would show that the defendant had diverted from serving her employer.[5] 469 F.3d at 142. As a result of this finding, the D.C. Circuit remanded the case for an evidentiary hearing on the scope-of-employment issue. *See id.*; *Majano*, 2008 WL 1821510, at *1. Unlike the plaintiff in *Majano*, Plaintiff has not asserted any specific facts that, if true, would establish that Winn and Kauffman had turned from serving the OSAA and instead were pursuing purely personal motives. As such, Plaintiff has failed to rebut the third prong of the Restatement test.

### C.    The Alleged Tortious Conduct Was Foreseeable

Plaintiff argues that it was not foreseeable that Plaintiff's supervisors would allegedly use force to ensure the collection of OSAA-issued equipment. (Opp'n at 16.) Once again, Plaintiff misapprehends the correct standard. To satisfy the requirement that the alleged tortious conduct

---

[5] In *Majano* the court did not hold that the employee had, in fact, turned from serving her employer to pursue purely personal motives. It found only that, in light of the facts asserted by the plaintiff, the district court had erred in adjudicating the scope-of-employment issue without first holding an evidentiary hearing. 469 F.3d at 142; *Majano*, 2008 WL 1821510, at *1. After the evidentiary hearing, the district court concluded that the defendant had not turned away from serving her employer and that her action of grabbing and yanking another employee's lanyard was conduct within the scope of her employment. *Majano*, 2008 WL 1821510, at *8-9.

be foreseeable, "[t]he precise occurrence or event need not be foreseeable." *Johnson I*, 434 A.2d at 409 n.3; *see also Lyon*, 533 F.2d at 651. What must be foreseeable is that friction or confrontation could arise as a result of the employee's duties. *See Johnson I*, 434 A.2d at 408-09 (concluding that shooting of customer was foreseeable because it was foreseeable that when a laundromat customer could not find his clothes, he would confront the laundromat employee); *see also Lyon*, 533 F.2d at 651 (concluding that rape was foreseeable because delivery people are "likely to be in situations of friction with customers, and that . . . these foreseeable altercations may precipitate violence"). In the same way that the confrontations between employees and unhappy customers were foreseeable in *Lyon* and *Johnson I*, confrontation or friction between a terminated employee and the management employees who terminated her employment is foreseeable.

Moreover, Plaintiff's argument that the alleged tortious conduct was not foreseeable because Winn and Kauffman were not authorized to collect OSAA-issued property from a terminated employee (Opp'n at 17) is without factual or legal basis. *See supra* pp. 5-7.

Plaintiff cites to *Moseley v. Second New St. Paul Baptist Church*, 534 A.2d 346 (D.C. 1987), in support of her argument that the confrontation between Plaintiff and her supervisors was not foreseeable. *Moseley* is distinguishable. In *Moseley*, a church janitor, whose only duty was to clean the building, told two young boys to leave the church building, which they did. *Id.* at 346-47. When the janitor again encountered the boys in the church building, the janitor took the boys and forced them to commit sexual acts. *Id.* at 347. The court held that the janitor was not acting within the scope of his employment because no evidence was proffered to show that the janitor had authority to perform security functions. *Id.* at 348-49. In contrast, in this case, all

of the alleged tortious conduct was either authorized conduct or incidental to authorized conduct. *See supra* pp. 5-7.

**D.    Plaintiff's Request For Discovery Should Be Denied Because None Of The Facts Alleged, If True, Would Rebut The Certification**

Plaintiff's counsel has submitted a list of facts that he believes would be established if discovery were allowed.  (*See* Opp'n at 19, Ex. 2.)  None of these alleged facts, even if true, would rebut the Certification, and Plaintiff's request for discovery should be denied.  The alleged facts can be organized into the following categories: (1) facts relating to the OSAA's policy on collecting OSAA-issued equipment from terminated employees and its policy on violence in the workplace (*see* Opp'n Ex. 2 ¶¶ 1-6, 9); (2) facts relating to Plaintiff's composure and actions during her termination (*see* Opp'n Ex. 2 ¶¶ 7-8, 10); (3) the fact that Winn and Kauffman[6] allegedly made inaccurate statements to the USCP (*see* Opp'n Ex. 2 ¶ 13); and (4) legal conclusions that are not proper subjects of discovery (s*ee* Opp'n Ex. 2 ¶¶ 11-15).

First, Plaintiff's termination letter, submitted by Plaintiff, establishes that Winn and Kauffman were authorized to collect OSAA-issued property from Plaintiff, and, therefore, no discovery is needed on this issue.  Moreover, because Winn's and Kauffman's attempt to collect OSAA-issued equipment from Plaintiff was, as a matter of law, authorized by the OSAA or incidental to authorized conduct, *see supra* pp. 5-7, discovery on the alleged "official" OSAA policy will not help Plaintiff rebut the Certification.  Likewise, the fact that OSAA may have a policy against violence in the workplace is not relevant to whether Winn and Kauffman were authorized to terminate Plaintiff's employment and collect OSAA-issued equipment.  *See Ballenger*, 444 F.3d at 664 (stating that the proper inquiry focuses on the underlying dispute or controversy not on the nature of the alleged tortious conduct).  Second, Plaintiff's conduct during

---

[6] As noted, in her Complaint, Plaintiff has not alleged that Kauffman submitted inaccurate statements to the USCP.  (*See* Compl. ¶ 24.)

her termination is not relevant to the scope-of-employment analysis, and Plaintiff offers no explanation as to the relevance of these facts. Third, Plaintiff has not disputed the facts set forth in the Motion to Dismiss showing that Winn's statement to the USCP was within the scope of Winn's employment. (*See* Motion to Dismiss, Ex. 2; *see also supra* pp. 8-9.) The mere assertion that Winn's statement was false does not rebut the fact that Winn's act of giving the statement was within the scope of Winn's employment.[7] *See Ballenger*, 444 F.3d at 664 (holding that issue was not whether statement was defamatory but whether telephone conversation to reporter was within the scope of his employment).

Plaintiff has been given ample opportunity to allege specific facts that, if true, would rebut the Certification. She has failed to do so.

As set forth above and in the Motion to Dismiss, all four prongs of the Restatement scope-of-employment test are fully met, and Plaintiff has failed to allege any specific facts that, if true, would show that Winn and Kauffman acted outside the scope of their employment. As such, Plaintiff is not entitled to discovery or an evidentiary hearing on the scope-of-employment issue. *See Rasul*, 512 F.3d at 660 n.8, 662. Instead, the Court should find, as a matter of law, that Winn and Kauffman were acting within the scope of their employment at all relevant times and, therefore, that the United States should be substituted as the proper defendant as to Count IV of the Complaint. *See* 28 U.S.C. § 2679(d)(1).

---

[7] The same would be true of any alleged statement made by Kauffman.

**III.    THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE, AS
PLAINTIFF CONCEDES, THE UNITED STATES HAS NOT WAIVED
SOVEREIGN IMMUNITY FOR THE TORT CLAIMS ALLEGED IN
COUNT IV OF THE COMPLAINT**

Plaintiff concedes that if the Court substitutes the United States for Winn and Kauffman,

Count IV of the Complaint must be dismissed "because, as the Defendants correctly argue, the

United States has not waived immunity for claims of, or arising from, torts such as assault and

wrongful imprisonment." (Opp'n at 3.) Based on this concession and on the reasons set forth in

the Motion to Dismiss (*see* Motion to Dismiss at 8-12), this Court should dismiss Count IV of

the Complaint in its entirety.

<u>CONCLUSION</u>

For the reasons set forth above and in the Motion to Dismiss, the Court should substitute

the United States for Winn and Kauffman as the only proper defendant with respect to Count IV

of the Complaint. Count IV of the Complaint should then be dismissed in its entirety, and the

United States should be dismissed from this action.

Dated:  May 23, 2008                        Respectfully submitted,


                                            /s/ Dawn Bennett-Ingold
                                            Jean M. Manning
                                            D.C. Bar No. 439942
                                            Senate Chief Counsel for Employment

                                            Dawn Bennett-Ingold
                                            D.C. Bar No. 482083
                                            Senate Senior Counsel for Employment

                                            Office of Senate Chief Counsel for Employment
                                            P.O. Box 77053
                                            Washington, D.C. 20013
                                            Telephone: (202) 224-5424

                                            *Attorneys for Defendants, Kimball B. Winn and
                                            Rick Kauffman*

No. 1:07CV02186 (RWR)

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHAFIQ RASUL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 04-01864 (RMU) |
| | ) | (Judge Urbina) |
| DONALD RUMSFELD, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATION OF SCOPE OF EMPLOYMENT

I, Timothy P. Garren, Director, Torts Branch, Civil Division, United States Department of

Justice, acting pursuant to the provisions of 28 U.S.C. § 2679(d)(2), and by virtue of the authority

vested in me by 28 C.F.R. § 15.4 (2004), hereby certify that I have read the complaint in this

action. On the basis of the information now available, I find that at the time of the conduct

alleged in the complaint the individual defendants, Secretary of Defense Donald H. Rumsfeld,

Air Force General Richard Myers, Army Major General Geoffrey Miller, Army General James T.

Hill, Army Major General Michael E. Dunlavey, Army Brigadier General Jay Hood, Marine

Brigadier General Michael Lehnert, Army Colonel Nelson J. Cannon, Army Colonel Terry

Carrico, Army Lieutenant Colonel William Cline, and Army Lieutenant Colonel Diane Beaver,

were acting within the scope of their employment as employees of the United States.

Dated: March 10th , 2005

TIMOTHY P. GARREN
Director
Torts Branch, Civil Division
U.S. Department of Justice

No. 1:07CV02186 (RWR)

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **COUNCIL ON AMERICAN ISLAMIC RELATIONS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action. No. 03-2488 (RJL)** |
| | ) | |
| **CASS BALLENGER,** | ) | |
| | ) | |
| **Defendant** | ) | |

## CERTIFICATION

I, Mark E. Nagle, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, pursuant to the provisions of 28 U.S.C. § 2679 and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.3 and first redelegated to me on January 28, 1998, hereby certify that I have read the Complaint in the above captioned action. On the basis of the information now available with respect to the incidents therein, I find that defendant Cass Ballenger was acting within the scope of his authority as an employee of the United States at the time of the alleged incidents.

Dated: 2/5/04

MARK E. NAGLE
Assistant United States Attorney
Chief, Civil Division