# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
)
**AFRIKA N. HICKS,**                                    )
)
**Plaintiff,**                                    )
)
**v.**                                    )     **Case No.: 1:07CV02186 (RWR)**
)
**THE OFFICE OF THE SERGEANT**              )
**AT ARMS FOR THE UNITED STATES**          )
**SENATE, et al.,**                                    )
)
**Defendants.**                               )
_____ )

## JOINT REPORT SUBMITTED PURSUANT TO LOCAL CIVIL RULE 16.3(d)

Pursuant to Local Civil Rule 16.3(d), counsel for Plaintiff Afrika N. Hicks

("Plaintiff") and counsel for Defendants Office of the Sergeant at Arms for the United

States Senate ("OSAA"), Kimball Winn, and Rick Kauffman ("Defendants"), following a

telephone conference on June 5, 2008, submit the following report to the Court, stating

all agreements reached with respect to the matters specified in Local Civil Rule 16.3(c).

For the one matter on which the parties did not reach agreement, *see infra* Paragraph 8a,

each party's position is discussed.

1. **Existence of Dispositive Motions**:  Defendants Mr. Winn and Mr. Kauffman

   have filed a Motion to Substitute the United States and to Dismiss Count IV of the

   Complaint for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss") (*see*

   Docket Entry 12 in the above-captioned case) and believe that all claims against

   them will be disposed of at the motion to dismiss stage.  The OSAA intends to file

   dispositive motions after discovery is concluded.  Plaintiff does not foresee filing

any dispositive motions.  As set forth *infra* Paragraph 8a, the parties disagree as to whether all discovery should be stayed in light of the pending Motion to Dismiss.

2. **Date for Joinder and/or Amendment of Pleadings**:  The parties agree that there will be no joinder of new parties.  Plaintiff does not currently contemplate any amendments to the Complaint.

3. **Assignment of Case to Magistrate Judge**:  The parties oppose assignment to a Magistrate Judge.

4. **Possibility of Settlement**:    The possibility of settlement is unknown at this time.

5. **Benefit of ADR Procedures**:  The parties engaged in mandatory mediation before an Office of Compliance-appointed mediator prior to this action being filed, and there have not been any significant events since then that would make mediation productive at this time.  The parties agree that mediation before a Magistrate Judge could be beneficial after the Court decides all dispositive motions filed by the parties.

6. **Dispositive Motions**:  Mr. Winn and Mr. Kauffman believe that their Motion to Dismiss will be granted.  The OSAA believes that some or all of the remaining issues of the case can be resolved through summary judgment.  The parties agree that all dispositive motions should be due 75 days after the close of discovery.  Opposition briefs must be served and filed within 30 days after service of dispositive motions.  Reply briefs must be served and filed within 14 days after service of opposition briefs.

7. **Initial Disclosure Requirements**:  The parties are willing to dispense with the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1).

8. **Anticipated Extent of Discovery**:

    a.   Discovery Period: The parties disagree on this matter.

        i.  <u>Plaintiff's Position</u>:  Plaintiff believes that all discovery should be stayed pending the Court's resolution of the Motion to Dismiss filed by Mr. Winn and Mr. Kauffman.  Plaintiff believes that the discovery period should begin upon entry of the Order deciding the Motion to Dismiss and close 120 days thereafter, except that expert discovery is allowed as set forth in Paragraph 9.

       ii.  <u>Defendants' Positions</u>:  Defendants Mr. Kauffman and Mr. Winn believe that all discovery relating solely to Count IV of the Complaint, which is the subject of their Motion to Dismiss, should be stayed until the Court's resolution of that motion.  Mr. Kauffman and Mr. Winn believe that their motion will be granted and that they will be dismissed from the case.  As discovery relating solely to Count IV may not be necessary, it would be a waste of the parties' resources to conduct discovery at this time.  If the Motion to Dismiss is not granted, Mr. Kauffman and Mr. Winn believe that, with respect to Count IV of the Complaint, the discovery period should begin upon entry of the Order deciding the Motion to Dismiss and close 120 days thereafter, except that expert discovery is allowed as set forth in Paragraph 9.

            Defendant OSAA believes that discovery regarding Counts I – III of the Complaint should not be stayed pending the Court's

resolution of the Motion to Dismiss.  Counts I – III, which allege violations of the Congressional Accountability Act of 1995 ("CAA"), 2 U.S.C. §§ 1301 – 1438 (2000), by the OSAA, are legally and factually distinct from Count IV, which alleges tortious conduct by Mr. Kauffman and Mr. Winn.  Proceeding with discovery with respect to Counts I – III will ensure the prompt adjudication of this case.  As such, with respect to Counts I – III of the Complaint, Defendant OSAA believes that the discovery period should begin upon entry of the Scheduling Order and close 120 days thereafter, except that expert discovery is allowed as set forth in Paragraph 9.

b.   The parties agree that the close of the discovery period will not preclude the parties from moving to compel responses to previous discovery requests that were timely made.

c.   Type of Discovery:

    i.   ***Number of Interrogatories:***  The parties agree that each party may serve up to 25 interrogatories, including discrete subparts.

    ii.  ***Number and length of depositions:***  The parties agree that each party may notice 8 depositions, excluding experts designated pursuant to Fed. R. Civ. P. 26(a)(2).  The duration of each deposition is limited by Local Rule 26.2(c) to one day of seven hours.

        iii. ***Protective Order:***  The parties agree that a protective order is appropriate because discovery will probably involve the disclosure of confidential information of parties and non-parties.  The parties will be filing a Stipulated Protective Order with the Court.

9. __Expert Report and Depositions__:   The parties do not currently anticipate using expert witnesses.  If expert testimony becomes necessary, the parties agree to the following schedule:

    a. Proponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after the Court's resolution of all dispositive motions;

    b. Opponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after opponent's receipt of proponent's expert witness report(s) and other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B);

    c. Depositions of expert witnesses, if any, shall be completed no later than 30 days before the pretrial conference; and

    d. Any trial exhibits to be used as a summary of or support for an expert opinion by either Plaintiff or Defendant(s) shall be exchanged no later than 30 days before the start of trial.

10. __Class Actions__: The above-captioned case is not a class action.

11. __Bifurcation of Trial and/or Discovery__:  At this time, the parties agree that the trial and discovery in this case should not be bifurcated or managed in phases.

12. **Pretrial Conferences**: Because of the timing of expert witness discovery as outlined in Paragraph 9, the parties agree that the pretrial conference should be held 135 days after the Court's ruling on dispositive motions.

13. **Trial Date**: The parties agree that at the pretrial conference the Court should set a trial date that is from 60 to 90 days after that conference.  In addition, the parties respectfully request that the trial not be scheduled during August because of congressional recess.

14. **Other Matters**: None at this time.

15. **Brief Statement of the Case and Statutory Basis for All Causes of Action and Defenses**:

Plaintiff has filed a civil action against the OSAA, Mr. Kauffman, and Mr. Winn alleging that the OSAA violated the CAA (*see* Pl.'s Compl., Counts I – III) and that Mr. Kauffman and Mr. Winn committed common law torts (*see* Pl.'s Compl., Count IV).

With respect to Counts I – III of the Complaint, Plaintiff claims that she was discriminated against based on her religious beliefs, in violation of 2 U.S.C. § 1311(a)(1); that she was retaliated against for taking Family and Medical Leave Act leave, in violation of 2 U.S.C. § 1312; and that she was retaliated against for engaging in protected activity.   Defendant OSAA denies that it discriminated against or retaliated against Plaintiff in any way.

With respect to Count IV of the Complaint, Plaintiff alleges that Mr. Kauffman and Mr. Winn committed tortious acts[1] during their termination of her

---

[1] Mr. Kauffman and Mr. Winn assume the truth of Plaintiff's allegations only for purposes of the Motion to Dismiss.

employment.  As set forth in their Motion to Dismiss, Mr. Winn and Mr.

Kauffman believe that all alleged tortious acts were conducted within the scope of

their employment; that they are, therefore, absolutely immune from suit; that the

United States should be substituted as the proper defendant with respect to the tort

claims brought in Count IV of the Complaint, *see* 28 U.S.C. § 2679(d)(1); and

that Plaintiff's only recourse is to proceed against the United States under the

Federal Tort Claims Act, *see* 28 U.S.C. §§ 1346(b), 2671-2680 (2000).  Plaintiff

disputes each of these contentions, as indicated in Plaintiff's Opposition to the

Motion to Dismiss.


Respectfully Submitted,


|     /s/ Leslie D. Alderman III     | |     /s/ Dawn Bennett-Ingold     |
|---|---|---|
| Leslie D. Alderman III | | Jean M. Manning |
| D.C. Bar No. 477750 | | D.C. Bar No. 439942 |
| Alderman, Devorsetz & Hora, PLLC | | Senate Chief Counsel for Employment |
| 1025 Connecticut Avenue, NW | | |
| Suite 615 | | Dawn Bennett-Ingold |
| Washington, DC 20036 | | D.C. Bar No. 482083 |
| Telephone:  (202) 969-8220 | | Senate Senior Counsel for Employment |
| | | |
| *Attorney for Plaintiff* | | Office of Senate Chief Counsel for |
| | | Employment |
| | | P.O. Box 77053 |
| | | Washington, D.C. 20013 |
| | | Telephone: (202) 224-5424 |
| | | |
| | | *Attorneys for Defendants* |


Date: June 19, 2008

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                          )
AFRIKA N. HICKS,                          )
                                          )
          Plaintiff,                      )
                                          )
          v.                              )          Case No.: 1:07CV02186 (RWR)
                                          )
THE OFFICE OF THE SERGEANT                )
AT ARMS FOR THE UNITED STATES             )
SENATE, et al.,                           )
                                          )
          Defendants.                     )
_____ )

<u>**DEFENDANTS' PROPOSED SCHEDULING ORDER**</u>

Having considered the parties' Joint Rule 16.3(d) Report, the following schedule shall

govern this case:

1. No additional parties may be joined in this action, nor does Plaintiff contemplate
   amending the Complaint.

2. This case will remain before this Court and will not be assigned to a Magistrate
   Judge.

3. Initial disclosures under Fed. R. Civ. P. 26(a)(1) are not required.

4. The following discovery schedule shall be followed:

   a. All discovery relating solely to the prosecution and defense of Count IV of
      the Complaint, including discovery regarding damages, shall be stayed
      until the Court's Order deciding the Motion to Dismiss.  If the Motion to
      Dismiss is not granted, the discovery period shall begin upon entry of the
      Order deciding the Motion to Dismiss and close 120 days thereafter,
      except that expert discovery is allowed as set forth in Paragraph 8 of this

Order.

    b. With respect to all other discovery, the discovery period shall begin upon entry of the Scheduling Order and close 120 days thereafter, except that expert discovery is allowed as set forth in Paragraph 8 of this Order.

5.  Each party may serve up to 25 interrogatories, including all discrete subparts.

6.  Each party shall be limited to 8 depositions, excluding depositions of expert witnesses designated pursuant to Fed. R. Civ. P. 26(a)(2). The duration of each deposition shall not exceed one day of seven hours, absent a showing of good cause.

7.  Any dispositive motions shall be filed within 75 days after the close of discovery. Oppositions to summary judgment are due 30 days thereafter, and any reply briefs are due within 14 days of the opposition.

8.  Expert witness reports and any other information required by Fed. R. Civ. P. 26(a)(2) are due as follows:

    a. Proponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after the Court's resolution of all dispositive motions;

    b. Opponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after opponent's receipt of proponent's expert witness report(s) and other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B);

    c. Depositions of expert witnesses, if any, shall be completed no later than 30 days before the pretrial conference; and

2

    d.   Any trial exhibits to be used as a summary of or support for an expert opinion by either Plaintiff or Defendant(s) shall be exchanged no later than 30 days before trial.

9.   By further order of the Court, the Court will set a pre-trial conference 135 days after the Court's ruling on any dispositive motions.

10.  The trial of this case shall be set 60-90 days after the pre-trial conference and shall not be scheduled during the month of August due to congressional recess.

**SO ORDERED.**

Dated:_____        _____

                                            Hon. Richard W. Roberts
                                          United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**AFRIKA N. HICKS,**                        )
                                            )
       **Plaintiff,**                )
                                            )
       **v.**                       )    **Case No.: 1:07CV02186 (RWR)**
                                            )
**THE OFFICE OF THE SERGEANT**              )
**AT ARMS FOR THE UNITED STATES**           )
**SENATE, et al.,**                         )
                                            )
       **Defendants.**              )
_____ )

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

Having considered the parties' Joint Rule 16.3(d) Report, the following schedule shall

govern this case:

1. No additional parties may be joined in this action, nor does Plaintiff contemplate

   amending the Complaint.

2. This case will remain before this Court and will not be assigned to a Magistrate

   Judge.

3. Initial disclosures under Fed. R. Civ. P. 26(a)(1) are not required.

4. The discovery period shall begin upon entry of the Order deciding the Motion to

   Dismiss and close 120 days thereafter, except that expert discovery is allowed as

   set forth in Paragraph 8.

5. Each party may serve up to 25 interrogatories, including all discrete subparts.

6. Each party shall be limited to 8 depositions, excluding depositions of expert

   witnesses designated pursuant to Fed. R. Civ. P. 26(a)(2). The duration of each

   deposition shall not exceed one day of seven hours, absent a showing of good

cause.

7. Any dispositive motions shall be filed within 75 days after the close of discovery. Oppositions to summary judgment are due 30 days thereafter, and any reply briefs are due within 14 days of the opposition.

8. Expert witness reports and any other information required by Fed. R. Civ. P. 26(a)(2) are due as follows:

   a. Proponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after the Court's resolution of all dispositive motions;

   b. Opponent's expert witness report(s) and any other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B) shall be due 45 days after opponent's receipt of proponent's expert witness report(s) and other information required by Fed. R. Civ. P. 26(a)(2)(A) and (B);

   c. Depositions of expert witnesses, if any, shall be completed no later than 30 days before the pretrial conference; and

   d. Any trial exhibits to be used as a summary of or support for an expert opinion by either Plaintiff or Defendant(s) shall be exchanged no later than 30 days before trial.

9. By further order of the Court, the Court will set a pre-trial conference 135 days after the Court's ruling on any dispositive motions.

10. The trial of this case shall be set 60-90 days after the pre-trial conference and shall not be scheduled during the month of August due to congressional recess.

**SO ORDERED.**


Dated:_____        _____
                                              Hon. Richard W. Roberts
                                              United States District Court Judge