**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                    )
AFRIKA N. HICKS,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )     Case No.: 1:07CV02186 (RWR)
                                    )
THE OFFICE OF THE SERGEANT AT       )
ARMS FOR THE UNITED STATES          )
SENATE, et al.,                     )
                                    )
            Defendants.             )
_____)
```

**CONSENT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civil Rule 7, Defendants hereby move this Court for entry of the attached Stipulated Protective Order in the above-captioned civil action.

Counsel for Plaintiff consents to this motion.

Dated: June 19, 2008                     Respectfully submitted,


                                            /s/ Dawn Bennett-Ingold
                                         Jean M. Manning
                                         D.C. Bar No. 439942
                                         Senate Chief Counsel for Employment
                                         Dawn Bennett-Ingold
                                         D.C. Bar No. 482083
                                         Senate Senior Counsel for Employment
                                         Office of Senate Chief Counsel for Employment
                                         P.O. Box 77053
                                         Washington, D.C. 20013
                                         Telephone: (202) 224-5424
                                         *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AFRIKA N. HICKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE OFFICE OF THE SERGEANT AT )<br>ARMS FOR THE UNITED STATES )<br>SENATE, et al., )<br>)<br>Defendants. )<br>) | Case No.: 1:07CV02186 (RWR) |

## STIPULATED PROTECTIVE ORDER

Plaintiff Afrika N. Hicks ("Plaintiff") and Defendants Office of the Sergeant at Arms for the United States Senate ("OSAA"), Rick Kauffman, and Kimball Winn ("Defendants") agree to the following Stipulated Protective Order ("Protective Order") in the above-captioned civil action (the "Litigation"):

1. This Protective Order shall govern the parties use and disclosure of all confidential information and confidential documents (hereinafter "Confidential Information"), as defined in Paragraph 3, obtained from another party or a non-party in the course of the Litigation, including efforts to mediate or settle Plaintiff's claims.

2. Such Confidential Information shall be used by the parties only for the purpose of preparing for and conducting the Litigation, including any mediation, settlement negotiations, and/or subsequent appeals, except as otherwise required by law.

3. "Confidential Information," as used in this Protective Order, means any type of information that is designated "Confidential" by counsel for either party, whether it be a

document, information in a document, or information revealed during a deposition or in a discovery response. Each page on which Confidential Information appears will be labeled "Confidential." Any failure to designate Confidential Information as "Confidential" may be corrected and shall not be deemed a waiver of any privilege or right applicable to the Confidential Information. All "Confidential" designations must be based on the good faith belief that the document or information constitutes protected material. Documents that may be designated by a party or non-party as "Confidential" shall include:

      a.      Personnel-related files, records, and information regarding any current or former employee or independent contractor of the OSAA, including but not limited to, discrimination complaints, applications for positions, applications for leave, disciplinary information and investigations, performance reviews, requests for training, and related documents;

      b.      Documents or information related to the individual financial status of Plaintiff or of any current or former employee or independent contractor of the OSAA, including but not limited to salary information and tax returns;

      c.      Documents or information of a personal nature about Plaintiff, Defendants, or any current or former employee or independent contractor of the OSAA (e.g., information regarding medical status or conditions, personal financial information, and family matters);

      d.      Internal investigations regarding any current or former employee or independent contractor of the OSAA; and

      e.      Documents or information related to requests for leave by any current or former employee or independent contractor of the OSAA under the Family and Medical Leave Act and/or sick leave.

The parties agree that the categories of documents and information listed above may not constitute an exhaustive list of requested documents or information in which either party may have a legitimate interest in confidentiality.

    4.    By stipulating to the confidentiality of the categories of documents listed above, the parties do not concede that such documents are discoverable, relevant, material, or admissible at trial or in any proceeding.

    5.    This Protective Order in no way restricts the parties from using, in any manner, information or documents (i) that are already within their possession, even if the information or documents are also produced by a party or non-party in this case, or (ii) that come within their possession by means other than by production by an opposing party during the discovery process, as long as the party's possession of the information or documents is not a result of a violation of this Protective Order.

    6.    The parties shall treat deposition testimony, deposition transcripts, and deposition exhibits as Confidential Information as set forth below:

      a.      With respect to any deposition, all testimony given and any exhibits or other materials used therein shall be treated as Confidential Information from the time the deposition is given until fifteen days after receipt of the deposition transcript. Within fifteen days of receiving the deposition transcript, either party must identify the portions of the transcript and any exhibits or other materials that are to be designated as Confidential Information and must inform the opposing counsel of the designation. Upon being informed that

certain portions of the deposition are to be designated as "Confidential," each party shall immediately cause each copy of the transcript in its custody or control to be appropriately marked. If corrections are made to the deposition transcript, the parties shall have fifteen days after the receipt of the corrections to designate any Confidential Information. Prior to the expiration of the applicable fifteen-day review period, neither the deposition testimony nor any exhibits or other materials used at the deposition may be disclosed to anyone other than the deponent and those individuals set forth in Paragraph 7.

  b. To the extent that any party shall need to use any Confidential Information to question a witness in the course of a deposition, the Confidential Information, and portions of the transcript of the deposition that refer to such Confidential Information, shall be treated as Confidential Information under this Protective Order.

 7. Confidential Information may be disclosed only to the following persons ("Qualified Persons"), in accordance with the provisions of Paragraphs 8 and 9, and only to the extent necessary to that person's participation or assistance with the Litigation, including mediation or settlement negotiations:

  a. The parties and their counsel and office personnel who must have access to Confidential Information to perform their duties with respect to the Litigation;

  b. The Court and all court personnel, including court reporters, who have a need to read, review, or file Confidential Information to perform their duties with respect to the Litigation;

  c. All experts or consultants retained by the parties to testify or to assist the parties in the Litigation;

        d.    Any potential witness or deponent in the Litigation who must have access to the Confidential Information to perform his/her duties with respect to the Litigation; and

        e.    Any other person, if the party producing the Confidential Information consents to granting access to that person.

8.    Plaintiff understands that during discovery in this matter, she and her attorney may obtain copies of the personnel records of Senate employees, which may include documents concerning the medical history, employment history, disciplinary history, salary, and other information regarding those employees ("Senate Employee Personnel Documents").  Plaintiff understands that Senate Employee Personnel Documents and the information contained therein are strictly confidential and agrees that she will not disclose <u>any</u> information found in Senate Employee Personnel Documents, including any information regarding her former coworkers, to any other employee of the Senate or any other third party, except as specifically authorized in this Protective Order.

9.    Except for those persons identified in Paragraph 7(a) and (b), before Confidential Information is disclosed to any Qualified Person, the Qualified Person shall be provided with a copy of the Protective Order and must execute the Non-Disclosure Agreement attached as Exhibit A.

10.    Nothing in this Protective Order is intended to prevent officials, employees, or independent contractors of the OSAA from having access to documents or information to which they would have access in the normal course of their official duties.  Such persons are exempt from signing the Non-Disclosure Agreement attached as Exhibit A as it relates to the performance of their official duties.

11. Any party may move to modify this Protective Order for good cause shown. No modification is permitted except by a writing signed by counsel for each party and signed by the Court.

12. All Confidential Information that is filed with the Court in this Litigation shall be protected by being placed in an envelope to be opened only upon further direction or order of the Court for the purpose of proceeding with this Litigation and shall not be made available to third parties or to the public. All Confidential Information, when filed or lodged with the Court, shall be hand delivered to the clerk of the Court in an envelope, and shall not be available for public inspection. The envelope shall be clearly marked on the outside with the words:

**"CONFIDENTIAL - FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER."**

13. Counsel shall endeavor to avoid revealing any protected material in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected material in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of Confidential Information as a consequence of such oral proceedings to persons other than those authorized by this Protective Order.

14. The Protective Order is not intended to limit any party's right to introduce Confidential Information at trial. Should any party seek to introduce Confidential Information at trial, the Court shall make whatever order it deems appropriate concerning sealing of trial evidence. This Protective Order is not intended to waive the right to object to the introduction or admission of evidence and/or to appeal the Court's ruling.

15. Within sixty days of the date the Litigation is finally terminated (either by settlement, dismissal, withdrawal, the expiration of time to appeal from an adverse ruling, or the exhaustion of all appellate remedies), the parties' respective counsel either: (i) shall return to the opponent's counsel all Confidential Information obtained during the Litigation, including any copies, or (ii) shall destroy the Confidential Information and inform opposing counsel in writing of the destruction of the Confidential Information. The parties' counsel are responsible for giving notice of the conclusion of the Litigation to all persons identified in Paragraph 7(c) – (e) to whom they provided Confidential Information, and for making a good faith effort to retrieve from them all Confidential Information or work product made from the Confidential Information, and for complying with (i) or (ii) of this paragraph.

16. The provisions of this Protective Order are without prejudice to the right of any party to (i) apply to the Court for a further protective order relating to the Confidential Information or relating to discovery in this Litigation, and (ii) apply to the Court for an order removing the Confidential designation. The provisions of this Protective Order shall not apply to any documents or information that the Court determines do not constitute Confidential Information.

17. Any person who violates this Protective Order may be subject to appropriate sanctions as determined by the Court.

18. The restrictions on the use of Confidential Information set forth in this Protective Order shall survive the conclusion of the Litigation, and, after conclusion of the Litigation, the Court shall maintain limited jurisdiction for the purpose of enforcing this Protective Order.

| | |
|---|---|
| ___/s/ Leslie D. Alderman III_____ | ___/s/ Dawn Bennett-Ingold_____ |
| Leslie D. Alderman III | Jean M. Manning |
| D.C. Bar No. 477750 | D.C. Bar No. 439942 |
| Alderman, Devorsetz & Hora, PLLC | Senate Chief Counsel for Employment |
| 1025 Connecticut Avenue, NW | |
| Suite 615 | Dawn Bennett-Ingold |
| Washington, DC 20036 | D.C. Bar No. 482083 |
| Telephone: (202) 969-8220 | Senate Senior Counsel for Employment |
| | |
| *Attorney for Plaintiff* | Office of Senate Chief Counsel for Employment |
| | P.O. Box 77053 |
| | Washington, D.C. 20013 |
| | Telephone: (202) 224-5424 |
| | |
| | *Attorneys for Defendants* |

APPROVED AND SO ORDERED this ____ day of_____, 2008:

_____
Hon. Richard W. Roberts
United States District Court Judge

8

**Exhibit A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                            )
**AFRIKA N. HICKS,**                          )
                                                            )
                **Plaintiff,**           )
                                                            )
   v.                                                 )   Case No.: 1:07CV02186 (RWR)
                                                            )
                                                            )
**THE OFFICE OF THE SERGEANT AT**   )
**ARMS FOR THE UNITED STATES**         )
**SENATE, et al.,**                               )
                                                            )
                **Defendants.**        )
_____  )

**AGREEMENT CONCERNING USE AND NON-DISCLOSURE
OF MATERIAL COVERED BY PROTECTIVE ORDER**

      I, _____, hereby acknowledge having received and read a copy of the Stipulated Protective Order ("Protective Order") approved by the Court in the above-captioned matter. I agree to be bound by the terms of the Protective Order. I agree that I will not use any Confidential Information, as defined therein, except as necessary for the above-captioned litigation, and will not disclose any such Confidential Information, whether in written or oral form, to anyone other than the parties to the litigation or their counsel. I shall maintain all Confidential Information that is provided to me, as well as any documents prepared based on the Confidential Information, in a secure manner and shall prevent unauthorized access to those materials. No later than thirty (30) days after notification of the conclusion of this litigation, I shall return all Confidential Information, as well as any documents prepared based upon the Confidential Information, to the party or attorney who originally gave me the Confidential Information.

      I consent to the jurisdiction of the United States District Court for the District of Columbia for purposes of enforcement of the Protective Order. I understand that any violation of the terms of the Protective Order may be punishable by appropriate relief, including money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

_____      _____
                    Signature                                                                    Date